## ELIZABETH DE UPREY *v.* SAMUEL DE UPREY, AND MARY ANN DE UPREY.

COMPLAINT IN PARTITION.—In a complaint to obtain partition of land, a general allegation that " the premises cannot be divided by metes and bounds without prejudice," is sufficient, without an allegation of the facts upon which the plaintiff relies, to obtain a particular mode of partition.

SAME.—A complaint in partition is good which is silent upon the subject of the mode of partition.

PARTIES TO SUIT FOR PARTITION.—A married woman whose husband is sued in partition is a necessary party if she claims a homestead right to or an interest in the property in dispute.

DISCLAIMER IN PARTITION.—In an action of partition, a defendant cannot claim that the action be dismissed as to him, on the ground that his answer disclaims any interest in the land, unless he has made the disclaimer in absolute and unconditional terms.

42

DISCLAIMER SHOULD BE ABSOLUTE.—An answer which disclaims all interest in the land in dispute, except such as the defendant may have under the homestead law, by virtue of the dedication of the land to homestead uses by himself and his wife, is not a disclaimer.

WHAT MAY BE TRIED IN PARTITION.—Under our practice, any question affecting the right of the plaintiff to a partition, or the rights of each and all of the parties in the land, may be put in issue, tried, and determined in such action.

ANSWER IN PARTITION.—A defendant in partition is not entitled to have the action dismissed by reason of the force and effect of any defense which he may set up in his answer.

FACTS TO BE FOUND IN PARTITION.—In an action for partition, if the Court finds that the parties hold and are in possession of real property, as joint tenants or as tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, the partition should be made, although the findings may also show that the plaintiff, in his complaint, has incorrectly set forth the title or interest of the parties, or of one or more of them, in the land.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The affidavits in support of the motion to be allowed to file a supplemental complaint, and make Mary Ann De Uprey a party defendant, stated that she claimed a homestead interest in the property. The supplemental complaint contained the same averment, and did not state that she owned any interest in the property.

The other facts are stated in the opinion of the Court.

*Cyril V. Gray,* for Appellants.

If the declaration of homestead showed anything, it showed a claim of the property by Sámuel and his wife, as not being held by them, or either of them, as tenants in common with any other person, and consequently that it was a case for an action of ejectment, and not for partition. It should not, therefore, have been permitted to bring such a question into an action for partition, for it has repeatedly been held that Courts will not undertake to partition property where the title is disputed. (*Wilkin* v. *Wilkin,* 1 John. Ch. 111; *Phelps* v. *Green,* 3 John. Ch. 302; *Cox* v. *Smith,* 4 John. Ch. 271.)

*A. Campbell,* for Respondent.

By the Court, SANDERSON, C. J.

This is an action for the partition of a certain lot and improvements in the City of San Francisco. The plaintiff obtained judgment and a decree directing the premises to be sold and the proceeds divided between the parties on the ground that a partition by metes and bounds could not be made without prejudice. The defendants appeal, and assign several errors which we will notice in the order in which they have been presented.

The action was commenced against Samuel De Uprey alone, who demurred to the complaint, and for cause of demurrer alleged that the same did not state facts sufficient to constitute a cause of action. The demurrer was overruled, which ruling constitutes the first error assigned.

The only ground urged in support of the demurrer is that the complaint contents itself with the general allegation that the premises cannot be divided by metes and bounds without prejudice and does not state the facts showing why such a partition could not be made. A complete answer to this is found in the fact that the manner in which the partition is to be made constitutes no part of the cause of action, but is merely a part of the relief. While it is proper and perhaps advisable to ask for a particular mode of partition—there being two provided by the statute—and to that end allege the facts upon which the plaintiff relies for the particular mode which he seeks; yet this is not indispensable, and a complaint which is silent upon the subject is good. No facts need be stated in the complaint except such as are found enumerated in the two hundred and sixty-fourth section, which provides for the cause of action in question and defines the facts upon which it rests; and a specification of the interest of each party interested in the land, so far as known to the plaintiff, as provided in section two hundred and sixty-five. If these sections left the question in doubt, such doubt is entirely removed by the two hundred and seventy-fifth section, which provides that: " If it be alleged in the complaint, and be established

by evidence, or if it appear by the evidence *without such alle-
gation in the complaint,* to the satisfaction of the Court, that
the property, or any part of it, is so situated that partition
cannot be made without great prejudice to the owners, the
Court may order a sale thereof." But were it otherwise, and
were the theory of the appellant the correct one, we should
still be of the opinion that his theory is fully satisfied by the
complaint in this case. Whether a partition can or cannot be
made by metes and bounds is purely a question of fact, and is
the ultimate fact to be found, and therefore the only fact
necessary to be averred under any system of pleading with
which we are acquainted. The constituent facts, or those
which lie behind, are merely probative, and need not be
averred. But independent of all that has been said, it may be
safely affirmed that the bare description of the premises con-
tained in the complaint sufficiently shows that a partition by
metes and bounds could not be made without prejudice. It
is a city lot fronting on an alley, measuring only twenty-three
feet front and extending back sixty. We think it would be
difficult to divide such a lot by metes and bounds without
great prejudice to the owners.

After the demurrer to the complaint was overruled the
plaintiff, upon affidavit and notice, moved the Court for leave
to bring in the wife of the defendant by a supplemental com-
plaint. The motion was allowed by the Court against the
exception of the defendant, and it is next contended that this
order of the Court was erroneous.

We cannot but regard this point as frivolous. Mary Ann
De Uprey, as appears by her own answer, not only claimed a
homestead right to the premises, but claimed that the entire
legal estate was in her, and the Court found that the legal title
to an undivided half was in her. She was, therefore, not only
a proper party, but a necessary party to the complete deter-
mination of the case. All persons having or claiming any
interest in the land are not only proper but necessary parties
to a suit for partition; and it was not only proper for the
Court to allow the motion in question, but it would have been

error not to have done so. (Practice Act, Secs. 17 and 68.) Admitting, for the sake of the argument, that the showing in support of the motion was insufficient, subsequent events clearly demonstrated the fact that she was a necessary party, and that the ends of justice had been subserved by allowing the amendment. Such being the case, this Court will not disturb an order resting very much in the discretion of the Court below and exercised under a statute containing very liberal provisions upon the subject of amendments.

After the amended and supplemental complaint was filed the defendants separately demurred upon the grounds following: First—Misjoinder of parties defendant, because Mary Ann De Uprey was improperly joined. Second—Because several causes of action had been improperly united. Third—Because the complaint did not state facts sufficient.

The demurrers were overruled, which ruling constitutes the third error assigned.

These demurrers were not only frivolous but, under the circumstances of the case, impertinent. The Court had already decided that Mary Ann was a proper party and therefore making her such could not result in a misjoinder. The Court had also decided that the original complaint stated a cause of action and it is clear that it, together with the amended and supplemental, does not state less facts than at first. And so far as the second ground alleged is concerned we cannot perceive that the demurrer has even a respectable pretext to stand upon. It is obvious upon inspection that there is but one cause of action stated in the complaint, and but one kind of relief sought.

This case was certainly contested with a pertinacity worthy of a better cause. After all the demurrers, five in number, had been overruled and the defendants had both answered separately, denying all the allegations of the complaint, their counsel next moved to dismiss the case upon the pleadings without any trial of the issues of fact thus joined between the parties. In view of the fact that the sufficiency of the complaint made by the plaintiff had undergone the test of five

demurrers, and the further fact that answers, in the absence of all evidence either way, are entitled to no more faith and credit at the hands of the Court than complaints, this motion has at least the merit of novelty.

But it is argued in support of the motion that the pleadings show no cause of action as against Samuel De Uprey, because he disclaimed any interest in the land. Such, however, does not appear to be the fact. His answer does not contain an absolute and unqualified disclaimer. Less than that the plaintiff was not bound to accept. He only disclaims all interest except such as he may have under the Homestead Law by virtue of the dedication of the land to . homestead uses by himself and his wife. It may be that such interest did not amount to anything in law, but that was one of the questions which he had helped to make and which the plaintiff had a right to have determined and put to rest by the judgment of the Court. But be that as it may, he could not claim a dismissal of the action upon the ground of a disclaimer unless he made that disclaimer in absolute and unconditional terms. Instead of doing that he denied all the allegations of the complaint as to the plaintiff's title, pleaded two statutes of limitations and averred title in his wife and claimed for himself a right of homestead in the premises, but disclaimed any further interest. It is a misnomer to call such an answer a disclaimer.

The issues made by the answer of Mary Ann De Uprey are :

First—Has the plaintiff any interest ?

Second—Has Samuel De Uprey any interest ?

Third—Is Mary Ann sole owner of the premises ?

Fourth—Has the plaintiff possession ?

Fifth—Has the plaintiff been in possession within five years ?

Sixth—Has she been in possession within four years ?

We are asked if the foregoing questions are such as are cognizable in an action for partition and it is argued that they are not, but are such questions as must be tried in an action of ejectment or to quiet title, if at all, and therefore this case ought to be dismissed on the pleadings without first ascertain-

ing by a trial whether there is a word of truth in the answer which raises those questions—a conclusion both lame and impotent. The action being confessedly for a partition, so far as the complaint is concerned, we are certainly unable to perceive how the defendants can defeat the action by the mere force and effect of their answers, no matter what they contain. Nor, admitting such to be the fact, are we able to perceive by what rule of law or logic the plaintiff is to be held responsible for what appears in the answer and sent out of Court because the defendants have seen proper to raise questions not cognizable, as they alleged, in an action for partition. On the contrary, if the questions made by the answer are not cognizable in this action it is not the fault of the plaintiff, but of the defendants, and they ought not to have been allowed to make them. But there is nothing in the idea that these questions are of "strange countenance" in an action for partition. Any question affecting the right of the plaintiff to a partition, or the rights of each and all of the parties *in the land* may be put in issue, tried and determined in such action. (Prac. Act, Sec. 271.) Such is one of the fruits of the new system of practice which we have adopted, and when contrasted with the practice in such cases at common law, serves to illustrate its superiority.

It is next insisted that the findings negative the averments of the complaint, and the doctrine that the *allegata* and the *probata* must correspond is invoked for the purpose of establishing an error in that respect. The complaint averred that Samuel De Uprey was the co-tenant of the plaintiff, and owned an undivided half of the premises, but upon the trial the Court found that this undivided half did not belong to Samuel but to Mary Ann, and for that reason we are asked to reverse the judgment. This is substantially the same question which we have already twice considered in a different form, and which seems to play the part of Banquo's ghost in this judicial drama. We know of no rule of law which requires the Court, in an action of this kind, to find the facts as alleged or the contrary and not otherwise, nor any rule which cuts off the plaintiff's

right to a partition because it turns out on the trial that he was mistaken as to the condition of the title of his co-tenants. The plaintiff is required to set forth the interests of all parties known or unknown as far as they are known to him (Sec. 265), and each defendant is required to set forth in his answer, fully and particularly, the nature and extent of his interest. But suppose that either, or both, through mistake or otherwise, set forth their interests incorrectly, it does not follow that no partition can be had. The partition follows all the same, and is to be made according to the finding regardless of the fact whether such finding corresponds with the allegations of the complaint in that respect. The doctrine invoked is applicable to this kind of an action only so far as the facts upon which the right to a partition is founded are concerned, and which are set forth in the two hundred and sixty-fourth section of the statute. The finding must correspond with the allegations of the complaint so far as to show that the parties —plaintiff and defendant—hold and are in possession of the land in question as joint tenants or as tenants in common, and that one or more of them has an estate of inheritance, or for life or lives, or for years. Such are, so to speak, all the issues which are directly and in chief involved in this action, and upon them, if found in favor of the plaintiff, the judgment of the Court is that partition be made. But in order that this judgment may be executed, it is necessary to ascertain what the interests of the respective parties are, if there is any controversy touching them. These latter issues are collateral to the former merely, and do not enter into and become a part of the action within the scope of the rule which counsel have invoked. Whether the finding upon them corresponds with the issues made by the parties or not, is void of legal consequence. The object is not to ascertain whether the allegations of either party in respect to their interests are true or false, but to ascertain what their interests are *according to the evidence,* in order that the decree of the Court directing a partition may be carried into effect.

The record contains no error, and the judgment must be affirmed.

Ordered accordingly.