## JACOB A. MORENHOUT *et als.* v. VALENTIN HIGUERA *et als.*

ISSUES IN PARTITION.—If, between the parties to an action for partition, disputes exist as to their rights or interests in any respect, such disputes may be litigated and determined.

JUDGMENT IN PARTITION.—A judgment in an action for partition is binding and conclusive as to title upon all the parties who are served with summons or appear, and a bar to a new action.

IDEM.—If the complaint in partition avers that a defendant has, or claims to have, some interest in the land, which interest is unknown to plaintiff, and a summons is served on such defendant, and he fails to appear, and the judgment does not give such defendant any interest, it is *res adjudicata* and estops him from recovering in a new action.

IDEM.—The effect of a judgment in partition is to be determined by our statute, and not by the common law.

APPEAL from the District Court, Third Judicial District, Monterey County.

The plaintiffs appealed.
The other facts are stated in the opinion of the Court.

*B. S. Brooks*, for Appellants.

If the plaintiff, Scott, had made this allegation in his complaint, that defendants had no interest in the land, it would have rendered it demurrable as to them ; for he could not

maintain an action for partition with them, unless they were his tenants in common. A denial of their title would have been a disseizin, and a disseizin was a bar to the action. If the title is in dispute, a Court of equity will not make a decree for partition, but will remit the parties to an action at law to determine the title. (*Wilkin* v. *Wilkin,* 1 Johns. Chancery, 117.) " Partition is a matter of right if the title is clear, but not otherwise. If the title be suspicious, a Court of equity, as the Vice Chancellor observed in *Baring* v. *Nash,* 1 Vesey & Beame, 557, may well pause in directing partition." (*Phelps* v. *Green,* 3 Johns. Ch. 305 ; *Bradshaw* v. *Calligan,* 5 Johns. 82.) Two things are essential to the maintenance of the action ; privity of possession and privity of estate. The plaintiff must allege that the defendants are in joint or common possession with him, and that they are rightfully so. Unless he admits or charges them to be joint tenants or tenants in common with him, he has no right to make them parties to the partition suit. There was no allegation to support the decree. There was no allegation in the complaint nor in the answers of any of the defendants that the claim of the defendants Morenhout, Bernal, and Crowley, were unfounded. On the contrary, the only allegations which can be construed as touching that point, were exactly the reverse. The plaintiff alleged that he, " *together with the defendants, is seized of an estate in fee as tenant in common.*" " The said José de Jesus Bernal, Valentin Higuera, Jacob A. Morenhout, and Emma Morenhout, claim to have, as the plaintiff is informed and believes, some interest in the said premises under the grant hereinbefore mentioned and derived through some of the heirs of the said José Higuera, the extent of which said interest is unknown to the plaintiff." The complaint alleged the grant to José Higuera, and claimed under him a small undivided interest. There was no denial of the conveyance from the heirs of Higuera, under which those defendants claim—no allegation that their claims were unfounded ; nor was there in any of the answers of the other defendants. There was then no allegation in the complaint to support the judgment in par-

tition.    (*Biddle Boggs* v. *Merced M. Co.*, 14 Cal. 356 ; *Raun* v. *Reynolds*, 11 Cal. 19 ; *Bradley* v. *Harkness*, 27 Cal. 76.)

*S. O. Houghton*, for Respondents.

The judgment in partition was unquestionably admissible as evidence, and the true question was its effect as evidence, whether the decree in that case was a bar to this action or not.    This question must be determined from the face of the record.    Joseph Scott, the plaintiff in the partition suit, was a tenant in common of the Rancho Tularcitos, the land which was the subject of the action in that suit.    Scott was in possession, and therefore entitled to maintain the suit.    (Prac. Act, 264.)    The averment in the complaint as to the defendants in question is, that the defendants, José Jesus Bernal, Carmen Sibrian de Bernal, Valentin Higuera, Jacob A. Morenhout, and Emma Morenhout, "*claim to have*" some interest in the premises described in the complaint under the common source of title—the grant to José Higuera—"*the extent of which interest*" is unknown to the plaintiff; and he therefore asks that they be required to establish by proof their respective interests therein.    That allegation, instead of showing an adverse claim, shows that the defendants in question *claim to have* some interest in the estate under the same title under which the plaintiffs claim, and nothing more.    If, however, they were not proper parties, they should have appeared in the partition proceedings, and made the objection either by demurrer or answer.    The fact that they were improperly joined as defendants does not impair or affect the validity of the decree.    There is nothing in the record to show what the particular nature of the claim of the defendants, Morenhouts and the Bernals, was in the premises.    Their alleged claim may have been a mortgage of record, satisfied in fact, but not satisfied of record.    They may have claimed some interest of some heir of the grantee of the rancho, José Higuera (the common source of title of all parties), while some other of the parties held that interest under a prior deed, or they may have claimed to have some interest of some other nature.    What-

ever their claim was to the premises, was one of the questions presented by the pleadings. It was one of the issues in the case and was passed upon by the Court. The purpose of the action was to determine who among the persons who claimed to be co-tenants in the rancho were so in fact, and what their respective interests were. It would seem strange that if the Court had power to adjudge that one, who claimed to be a tenant in common of a certain interest, owned a lesser or a greater interest than he claimed, could not also determine, if such was the fact, that although a party claimed an interest as a tenant in common that he was not so in fact, and that his claim was unfounded.

By the Court, SANDERSON, J.:

Ejectment. The plaintiffs allege title to an undivided half of the "Plain of San Ignacio," parcel of the Rancho "Los Tularcitos" in Santa Clara County, which was granted to José Higuera, now deceased, by the Mexican Government.

The defendants deny the title of the plaintiffs and allege title in themselves. They also plead in bar a former judgment of the Court in another action, to which plaintiffs and defendants were parties, in which it was adjudged and determined that the plaintiffs had no title to the premises.

At the trial the plaintiffs made a case which entitled them to recover and rested. The defendants then offered in evidence the judgment roll in the suit of *Scott* v. *Higuera et al.* in support of their plea in bar, to which objection was made by the plaintiffs upon the ground that it was irrelevant and incompetent.

Both parties claim title under the Mexican grant to José Higuera. The suit of *Scott* v. *Higuera* was for a partition of the Rancho Tularcitos y San Ignacio, instituted by Scott against Higuera and others, among whom were the plaintiffs to this action. All parties claimed under the Higuera title. The plaintiffs were personally served with summons, but never appeared. As against them the allegation of the complaint

was, in substance, that they had or claimed to have some
interest in the rancho under the Mexican grant to Higuera,
which was unknown to the plaintiff; and he therefore asked
that they might be required to show what their interest
was and establish the same by proof. The defendants who
answered to the partition suit set up and claimed interests in
the rancho, which, together with that of the plaintiff, covered
the whole thereof and united with the plaintiff in asking for a
partition. The Court adjudged that the plaintiffs in this case
had no interest, and partitioned the rancho among the other
parties according to their interests. The whole case turns
upon the question whether the judgment in *Scott* v. *Higuera*
is conclusive against the plaintiffs' title and right to recover.
The Court below held that it was, and rendered judgment for
the defendants.

It is contended on the part of the appellants that the judg-
ment in *Scott* v. *Higuera* does not estop the plaintiffs from
setting up their title, and that it is not evidence against them
or their title. And in support of this view it is argued—first,
that an action for a partition has a special purpose, to wit :
the division of land among tenants in common, etc., and that
nothing else can be done; that the titles or interests of the
tenants cannot be litigated and determined; that if anything
of that character has to be done, it must be done elsewhere.
Second, that if this can be done in an action for partition, it
was not done in this case; that no issue as to the title or inter-
est of the plaintiffs was made and no trial was had, and that
therefore the decision of the Court that they had no title has
nothing to support it, and is therefore *coram non judice*. That
if Scott desired to try and determine the plaintiffs' title he
should have tendered an issue in his complaint upon that
subject, but that he did not, and hence there was no such
issue in the case, and hence upon the general principles upon
which the doctrine of *res adjudicata* rests, the judgment of the
Court that the plaintiffs had no title is no bar.

In support of the first of these points the learned counsel
for the appellants has filed a very able brief, which would be

entitled to much weight in a jurisdiction where the distinctions between actions at law and suits in equity are still preserved; but unfortunately for the argument, those distinctions have been abolished in this State, and a party who here seeks relief at the hands of the Courts may obtain both legal and equitable relief in the same action or proceeding, if upon the facts of his case he is entitled to both. Actions for partition of land constitute no exception to this rule. If, between the parties to an action for partition, disputes exist as to their rights or interests in any respect, such disputes may be litigated and determined in such action. "The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried and determined by such action," is the express language of the statute by which proceedings in partition are regulated. (Sec. 271.) The point is too plain for argument. Moreover, it has been expressly decided by this Court. (*De Uprey* v. *De Uprey*, 27 Cal. 335.) We there said: "Any question affecting the right of the plaintiff to a partition, or the right of each and all of the parties in the land, may be put in issue, tried and determined in such action. Such is one of the fruits of the new system of practice which we have adopted."

The second point is founded upon a mistaken notion as to the averments and prayer of the complaint. The complaint avers that the appellants have, or claim to have, some interest in the land of which partition is sought, the character and extent of which is unknown to the plaintiff, and prays that they may be required to come into Court and exhibit and establish the same by proof. It is true that the plaintiff in an action for partition is required to set forth in the complaint specifically and particularly the respective interests of all parties, whether such parties be known or unknown to him, so far as such interests are known to him (Sec. 265); but it would be idle to require him to set forth specifically interests of the character and extent of which he is ignorant. As to such interests he can only make the general and indefinite allegation which was made in this case, and such an allegation

is sufficient to tender an issue and cast upon the parties against whom it is directed the duty of coming into Court, if served with summons, and setting forth their interests, under penalty of being adjudged to have none.

An action for partition under our statute is, to some extent, *sui generis*. The parties named in the complaint, whether as plaintiffs or defendants, are all actors, each representing his own interest. Whether plaintiffs or defendants, they are required to set forth fully and particularly the origin, nature and extent of their respective interests in the property. (Secs. 265, 270.) This having been done, the interest of each, or all, may be put in issue by the others; and, if so, such issues are to be first tried and determined (Sec. 27), and no partition can be made until the respective interests of all the parties have been ascertained and settled by a trial. That they may thus litigate their respective interests is further shown by section three hundred and eight, where it is provided that the costs of such litigation as may arise shall be charged only against the parties who make the issues which are tried.

That the judgment in *Scott* v. *Higuera et al.* is conclusive against the right of the plaintiffs to recover in this case is therefore too plain for argument. We find it unnecessary to notice the argument of counsel for the plaintiffs as to the force and effect of a former judgment between the same parties and their privies at common law. To do so, in the presence of the plain and positive provisions of the statute by which the whole matter is regulated, which require no reference to the common law for the purposes of interpretation, would be to go aside and discuss principles which have no direct application to the case. The force and effect of a final judgment in an action for partition is clearly and explicitly stated in the statute (Sec. 278.) Such a judgment is declared to be binding and conclusive forever upon all persons who are named in the complaint as parties to the action and have been served with a summons, and their legal representatives. The plaintiffs having been named in the complaint as parties to the action, and having been served with a summons, the Court acquired

jurisdiction to first ascertain and determine what interests they held, if any, in the land, and then to divide it accordingly. To say that the judgment is not conclusive upon them because they neglected to appear and exhibit their interests is preposterous. Such a doctrine would place it in the power of an obstinate tenant to defeat and prevent a partition in all cases by merely staying out of Court. They were made parties and had an opportunity to appear and take part in the proceedings. Their default was a confession that they had no interest in the land, and the Court had jurisdiction to so adjudge expressly. But had it not done so, and passed them in silence, the result would have been the same, for a judgment that the land belonged to the parties between whom it was divided would have been equally as conclusive against their title, they having been made parties and served with process. The former judgment of a Court having jurisdiction of the subject matter and the parties, at common law, is not only conclusive as to the matters which were actually tried and determined, but also as to other matters which they might have litigated and might have had determined. (*Gray* v. *Dougherty*, 25 Cal. 266.) Much more is it under the statute in relation to partition. The plaintiffs could have had their rights to this land litigated and determined in the partition suit, in the sense contended for by their counsel, and not having done so, they are as much bound by the judgment as if they had.

Judgment and order affirmed.