SANTIAGO BOLLO *v.* CONCEPCION NAVARRO, DOLORES NAVARRO, AND MARIA CIRIACA NAVARRO.

TRIAL OF TITLE IN ACTION FOR PARTITION.—It is competent to try title in an action for partition of lands. (*De Uprey* v. *De Uprey*, 27 Cal. 329 ; and *Morenhout* v. *Higuera*, 32 Cal. 289, affirmed.)

ADMISSIONS OF GRANTOR.—Where the grantor of plaintiff, while occupying the granted premises, made admissions against the title under which plaintiff claims, held admissible in evidence against plaintiff on the trial of an issue of title.

APPEAL from the District Court, First Judicial District, Los Angeles County.

This was an action for the partition of a certain lot and improvements in the City of Los Angeles. The plaintiff asserts title and possession of four sevenths by purchase, by deeds of conveyance from Juan Augustin Navarro, Teodoro Navarro, Clement Navarro and Nicoloso Navarro, heirs, each, of one seventh of the estate conveyed, by their mother, Maria Del Carmen Rochini de Navarro. The plaintiff denies that the ancestor derived a title to the land under a grant of the Ayuntamiento and Government of the City or Pueblo of Los Angeles, and has continuously possessed the same for twenty-five years. The complaint is in conformity to our code of practice, providing for the partition of real estate among joint tenants, or tenants in common, and recites the joint tenancy with plaintiff of the remaining children of Carmen Rochini de Navarro, to wit: her daughters Dolores,

Concepcion, and Maria Ciriaca Navarro—conceding to each of them one seventh of this property in dispute.

Of the defendants, Dolores Navarro alone answers. She denies the seizen at any time by her mother, Carmen, of the premises set forth in the complaint, and asserts complete title in herself and uninterrupted possession for thirty years, and derived her title from the authorities of the old Pueblo of Los Angeles.

The cause was tried before a referee appointed by the Court, who found the following facts and conclusions of law, to wit:

" First—That defendant, Dolores Navarro, was put in possession of the lot described in plaintiff's complaint more than thirty years ago, by Antonio Maria Lugo, then First Alcalde of the Pueblo of Los Angeles.

" Second—That said Dolores has remained in continuous and uninterrupted possession of said lot ever since, asserting exclusive right and title thereto.

" Third—That Maria del Carmen Rochini de Navarro, the mother of Dolores, from whom plaintiff assumes to derive his title, entered upon the lot simultaneously with her daughter Dolores, and occupied the same continuously until the period of her death, in eighteen hundred and sixty-three, but through the sufferance and courtesy of Dolores, and always disclaimed any right or title thereto.

" Fourth—That plaintiff obtained from the four sons of Carmen deeds of conveyance for the portions of the lot, as recited in the complaint, but that such conveyances vested no title or interest with plaintiff in said lot.

" I find, as conclusions of law, that plaintiff has no title to the lot in question; that the land and its appurtenances are the property of Dolores Navarro, and that plaintiff is not entitled to a partition of the premises."

Judgment was rendered accordingly.

The evidence was conflicting as to whom the parol grant was made. The evidence—much of it—was of a loose,

vague and uncertain character. There was much evidence of the statements of the mother of the respondent while living on the demanded premises, to which the plaintiff objected as irrelevant and incompetent, and to its introduction excepted.

The plaintiff moved for a new trial on the grounds that the findings and judgment were against the evidence and against law, which motion was denied; and from the order denying said motion and the judgment the plaintiff appealed, and relied on the grounds assigned by him for the granting a new trial.

The other facts necessary to an understanding of the points decided are stated in the opinion of the Court.

*V. E. & C. V. Howard,* and *James H. Lander,* for Appellant.

The referee and Court exceeded their powers in passing upon the question of Dolores' alleged title in this case.

The two hundred and sixty-fourth section of the Practice Act only authorizes " cotenants in possession of real property as parceners, joint tenants, or tenants in common," to bring suit for partition.

The estate sought to be divided here, according to the defence, is not a coparcenery, because it does not arise from descent. · (4 Kent, 384.) It is not a joint tenancy, because, in that case, the parties must hold by a joint title, created expressly by one and the same deed or will—and here parties hold by purchase. (4 Kent, 373.)

If the position of the defence be true, the parties cannot be tenants in common, as the respondent claims the entire estate by adverse title; whereas, the possession of one tenant in common is the possession of the other. No one can be a party to a proceeding for partition unless he has privity of estate and is entitled to present possession. (*Stevens* v. *Enders,* 1 Green, 272.) Tenants in common are such as have a unity of possession, but a distinct and several title to

their shares. (Hilliard on Real Prop. 136.) If he claims adversely to the general title, he cannot be a tenant under it. (Coke Litt. 189 *a.*)

The statute requires parties to be "cotenants," which must mean under a common source of title. One cannot be tenant in common with another who claims by adverse title.

The two hundred and seventy-first section of the Practice Act, which declares that "the rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried and determined by such action," must mean their rights under the common source of title. It never could have been the intention of the Legislature to substitute the proceeding in partition for the possessory action of ejectment. The section is not adopted for such a purpose. This position is supported by decisions in *McGillivray* v. *Evans*, 27 Cal. 92, and *De Uprey* v. *De Uprey*, 27 Cal. 329.

In the last named case the partition was of land, under a common source of title, and the case involved a question of title necessary to a partition; but it is no authority for saying that in this suit a title may be determined which is not only not necessary to a partition, but which, if well founded, shows that there can be no partition, because the title is in controversy.

It is well settled that in chancery, in such a case, the Chancellor will hold the suit until the title can be settled at law, or will award an issue to try the title. At law, if it be shown that the title is in controversy, the suit must be dismissed. (*Manners* v. *Manners*, 1 Green Ch. 384; *Hartshorne* v. *Hartshorne*, 1 Green Ch. 355.) The judgment in this suit should have been that the suit for partition be retained until the title was settled at law. (*Wilkins* v. *Wilkins*, 1 John. Ch. 116; 1 Story Eq. Sec. 651 and note; *Matthewson* v. *Johnson*, 1 Hoff. Ch. 560.)

The statute of California, in all its essential features, is a copy of that of New York, under which their Courts have held that the title must be settled by an action at law. The same rule prevails in other States. (See authorities last

cited, and *Martin* v. *Smith*, 1 Harp. Ch. 106 ; *Burton* v. *Rutland*, 3 Humph. 435 ; *Straughn* v. *Wright*, 4 Rand. 493 ; *Walter* v. *Laffin*, 26 Ill. 472.) The Court should, therefore, have directed suit, or ordered an issue to try title. Under the judgment in its present form, it is *res adjudicata* that the title is vested in the respondent, with which plaintiff should be met in an action of ejectment to try title.

The two hundred and seventy-sixth section of the Practice Act limits the jurisdiction of the Court to dividing the property according to the respective rights of the parties, evidently confining it to a partition under the common title. The suit can be commenced only on the jurisdictional fact that the parties are cotenants, holding as coparceners, joint tenants, or tenants in common, in actual possession, under a common source of title. (*Stevens* v. *Enders*, 1 Green, 271 ; *Bradley* v. *Harkness*, 26 Cal. 76.) The property must " be owned in common." (*McGillivray* v. *Evans, supra.*)

It violates all rules of proceeding to convert an action, the sole object of which is the partition of property owned in common, into an action of ejectment, to try adverse titles. If the Court can adjudge the title to an adverse claimant, as has been done in this case, it may award a writ of possession.

The referee erred in admitting hearsay, public rumor, and statements of one Antonio Maria Lugo, an Alcalde, as to the title of respondent. (*Ellicott* v. *Pearl*, 10 Peters, 434 ; *Doe* v. *Thomas*, 14 East. 323.) The defendant, by proving a parol grant, has rebutted all presumption of a title. (*Beall* v. *Lynn*, 6 Har. & John. 336.)

In the Court below the plaintiff gave in evidence a paper title. The referee permitted the defendant to prove a parol grant by an Alcalde, some time about 1813 and 1814. It is insisted that this was error, inasmuch as the seventeenth section of the Regulations of Neve of 1779 required the grants to be in writing and recorded. (Jones & Halleck, 32.) They were also to be given by the Governor or Commissary, and it does not appear that the Alcaldes, at that time, had any

power to grant. (*Hart* v. *Burnett*, 15 Cal. 555, 567.) It is clear that under the Mexican law and regulations, the titles were required to be in writing. (2 White, N. C., 46, 50; Decrees of 1770–78 and 91, Jones' R.) Both under the Spanish and Mexican law, all grants, both within and beyond pueblo limits, were required to be in writing and registered in a book to be kept therefor. There was no system or allowance of grants by parol, either under the civil or common law, nor under either Spanish or Mexican regulations. Hence, in order to establish title to city or pueblo lots, it is necessary to show written grant, or at least a certificate of title; or, otherwise, to show its former existence and loss. (Regulations for California, of 1791, Halleck, 32; *United States* v. *Sutter*, 21 How. 181; Jones, 128, 170, Sec. 16; 18 Curtis, S. C., 718; 3 Cal. 27.) The regulations of 1828 also required the grant of house lots to be in writing. (Halleck, 34, Sec. 12.) Subsequently the power to grant house lots was conferred on the pueblo authorities, but the necessity of written grants still remained. (Jones, 117, 118 and 124.) These regulations are also to be found in the case of *Welch* v. *Sullivan*, 8 Cal. 189, 195, wherein also the proof shows that the practice was written grants.

The evidence of the alleged parol grant to respondent takes it to a time when she was a child of about ten years old, and long previous to the regulations of 1828. The parol grant is set up to have been made by one A. M. Lugo, as Alcalde. This is fatal to respondent, for even if parol grants were valid at the time, which we deny, the Alcaldes had no power to grant pueblo lots, such power being vested exclusively in the Governor or Commissioner. And in latter days the " Alcalde titles," so called, were issued only on action of the Ayuntamiento, as a basis.

It is clear that no title was issued to Dolores in writing. She herself states the contrary in her evidence. She had at best only an equity from possession, and it was incumbent on her by the regulations of 1828 to complete her title by written grant in accordance therewith. This she never did.

*Glassell & Chipman*, for Respondents.

Point I has been fully considered, and settled against appellant by this Court in one of the cases cited by him. (*De Uprey* v. *De Uprey*, 27 Cal. 329.)

. It may be true that the suit for partition can only be *commenced* upon the alleged fact that the parties are cotenants; but it does not follow for that reason that the *answer* may not deny the allegation, set up sole and exclusive title in defendant, and that the Court may not try and decide the issues so made.

Point II is not well made. All of the testimony referred to was taken without any specific objection on the ground of being "hearsay" or public rumor; and therefore that objection now is unavailing. (10 Cal. 268; 12 Cal. 245.) If any objections at all were made, they were made to the interrogatories, and no motion was made to strike out the answers of the witnesses. Without this the objections were worthless.

In regard to point III, we differ entirely with appellant. Assuming that the parol grant was not sufficient, yet respondent having taken adverse possession under it, claiming title, the ten years adverse occupation and claim afterwards raise the presumption of some other and sufficient grant. (*Nieto* v. *Carpentier*, 21 Cal. 471, 490, 491; 1 Cal. 55; 1 Cal. 488; 7 Cal. 425.) From these it would seem that the occupant having entered in good faith, believing that she had a title, and asserting it, a good grant would be presumed in her favor by lapse of ten years peaceable possession.

By the Court, Sanderson, J.:

The point that the Court below could not try title in this action is answered by the cases of *De Uprey* v. *De Uprey*, 27 Cal. 329, and *Morenhout* v. *Higuera*, 32 Cal. 289.

Whether Alcalde grants were required to be in writing it

is unnecessary to consider. The plaintiff failed to show any grant in writing to Carmen Navarro, and if his counsel is correct in his point, that Alcalde grants could be made only by an instrument in writing, it follows that Carmen, under whom he claims, had no title, or at least only such as may be founded upon possession only. We do not consider the proceedings of the Ayuntamiento upon the petitions of Manuel Valencia and another at its sessions in 1846 and 1847, as amounting to a grant by that body to Carmen Navarro. The question before the Ayuntamiento was whether the lot should be granted, not to Carmen Navarro, but to another party, and they resolved not to grant it to that party, but to return to him his petition and leave Carmen undisturbed in the possession, for certain reasons therein set forth. Instead of amounting to a grant to Carmen, those proceedings show that she had no title, for it is therein so expressly recited.

The title, then, as between Carmen and Dolores, rests upon the parol grant of the Alcalde Lugo and the delivery by him of the possession. Whether that amounted to a good title or not is of no consequence in this action. If it is good for one party it is good for the other. We may, therefore, assume it to be good. Then the only question is, was it made to Carmen or Dolores ? If the latter, the plaintiff has no interest in the lot. The referee found that Lugo granted or gave the lot to Dolores, and delivered to her the possession, and it is sufficient to say that we are entirely satisfied with his finding.

It is not necessary to specially notice the plaintiff's objections to certain portions of the defendant's testimony. The plaintiff claims under Carmen, and the admissions made by her in her lifetime while living upon the lot, to the effect that it belonged to or was in the possession of Dolores, was competent evidence against him.

Judgment and order affirmed.

Mr. Justice RHODES did not express an opinion.

By the Court, SANDERSON, J., on petition for rehearing:

In his petition for a rehearing counsel complains that we have assumed, rather than decided, that an "outstanding title" may be tried in an action for partition. On that head it is sufficient to say that we have assumed nothing of the kind. No question as to an "outstanding title" is made in the case. As to title the only question presented is whether, at the time of the death of Carmen, she, or Dolores, was the owner of the lot. If Carmen was the owner, then the plaintiff has become a tenant in common with Dolores. If Dolores was the owner, then the plaintiff has acquired no title and is not a tenant in common with Dolores, and is, therefore, not entitled to a partition. That such a question may be tried in an action for partition may have been assumed rather than decided, for, in common with other Courts, we sometimes assume what is too obvious for argument.

Whether the plaintiff and defendant are tenants in common is the first issue to be tried, if made, in an action of this character. If the Court finds the issue in favor of the defendant, the action is at an end. The idea that a party sued in partition cannot deny that he is a tenant in common and set up that he is the sole owner of the premises, is simply preposterous. There never has been a time when he could not. Under the old system, if this was done, the partition was stayed, and the parties were sent to a Court of law to try the issue, for the simple reason that a Court of equity could not try it. If the Court of law found the issue in favor of the plaintiff, the Court of Chancery then proceeded with the partition; if for the defendant, the bill was dismissed. But the reason for this practice does not exist under our system. On the contrary, we have but one Court, which has in the premises all the powers of both law and equity Courts under the old system; and there is, therefore, in such a case no necessity for two actions, one at law and the other in equity, as under the former system. On the contrary, the Court proceeds in one action, and first tries

and determines all the questions at law ; and if the decision is favorable to the plaintiff, then takes up and disposes of the equitable part of the case ; if for the defendant, the partition is denied without any further action. This was expressly decided in *De Uprey* v. *De Uprey*, and reaffirmed in *Morenhout* v. *Higuera ;* but as counsel is disposed not to so understand those cases, we have thought proper again to declare such to be the rule.

Upon the other points we have no occasion to add to our former opinion.

Rehearing denied.

Neither Mr. Justice RHODES nor Mr. Justice SHAFTER expressed an opinion.