CHARLES MARTIN ET AL. v. L. W. WALKER ET AL.

PARTITION—TENANT IN COMMON—RIGHT OF CO-TENANT OUT OF POSSESSION
TO MAINTAIN ACTION.—Under the Code of Civil Procedure (§§ 752, 759)
a tenant in common who has never been in the occupancy of the land
can maintain a suit in partition against a co-tenant whose possession is
adverse and hostile. The proceeding in partition is one in which the
rights of all parties may be fully inquired into and finally determined.

APPEAL from a judgment for the defendant in the Twenty-
second District Court, County of Marin. TEMPLE, J.

A petition for hearing in Bank in this case was filed after
judgment, and denied.

*E. S. Lippitt* and *C. V. Grey*, for Appellants.

When an action for partition is brought, one tenant in
actual possession can not defeat the action because his co-ten-
ant is not in *possessio pedis* with him—his possession is that
of his co-tenant—and under our practice (Code Civ. Proc. 759),
"any question affecting the right of the plaintiff to a parti-
tion, or the rights of each and all of the parties in the land,
may be put in issue, tried, and determined in such action."
(*De Uprey* v. *De Uprey*, 27 Cal. 330; *Morenhaut* v. *Higuera*, 32
id. 290–295; *Bollo* v. *Navarro*, 33 id. 459; Freeman on Parti-
tion, § 503; *Gates* v. *Salmon*, 35 Cal. 576; *Senter* v. *De Bernal*,
38 id. 642; *Miller* v. *Sharp*, 48 id. 395; *Hancock* v. *Lopez*, 53
id. 363; *Livermore* v. *Webb*, 56 Cal. 489.)

*A. W. Thompson*, for Respondents.

The adverse possession of respondent is an absolute bar to
the partition. The proceeding for partition is a special pro-
ceeding, and the statute prescribes its course and effect.
(*Waterman* v. *Lawrence*, 19 Cal. 210.) Our statute expressly
requires that the plaintiff should not only hold as tenant in
common, but he must be in possession. (Code Civ. Proc., §
752.) This is very plain language; its evident meaning is
that an action for a partition shall not be maintained if the
land is in possession of a person claiming adversely, and it

must be brought by a person who is in the actual or constructive possession of the land.

To give it any other interpretation is to set aside the law. In New York, where the language of the statute is substantially the same as in our code, being "where several persons shall hold and be in the possession of lands as joint tenants, or tenants in common" (Code Civ. Proc. N. Y., §§ 1532, 1543), this same question has arisen. In *Florence* v. *Hopkins*, 46 N. Y. 182, directly in point with the case at bar, the Court said: "To maintain an action for the partition of lands, the plaintiff must, at the time of its commencement, have actual or constructive possession in common with defendants. A subsisting adverse possession is an absolute bar." (*Sullivan* v. *Sullivan*, 66 N. Y. 41; Freeman on Co-tenancy and Partition, §§ 446, 452, 459, 468, 477, 505, 509; *Clapp* v. *Bromagham*, 9 Cow. 304; *Burhans* v. *Burhans*, 2 Barb. Ch. 407; *Jenkins* v. *Van Shaack*, 3 Paige, 245; *O'Dougherty* v. *Aldrich*, 5 Denio, 388; *Brock* v. *Eastman*, 27 Vt. 660.) The same doctrine prevails in other States, where the statute is like ours. (*Rozier* v. *Johnson*, 35 Mo. 326; *Hoffman* v. *Baird*, 22 Mich. 59; *Brock* v. *Eastman*, 27 Vt. 660; *Hayt* v. *Estill*, 18 N. J. Eq. 251; *Coleman's Case*, 62 Pa. St. 252.)

Possession is a jurisdictional fact; it must be alleged in the complaint and proved at the trial. I do not understand that our Supreme Court has ever directly passed on the point; but in several cases it incidentally intimates that the allegation, "holds and is in possession as a tenant in common with the defendants," is the very gist of the complaint, and the issue joined thereon must be determined affirmatively before the Court can proceed to a partition. (*Waterman* v. *Lawrence*, 19 Cal. 217; *Bradley* v. *Harkness*, 26 id. 69; *De Uprey* v. *De Uprey*, 27 id. 331.)

MORRISON, C. J.:

Plaintiffs brought their suit in the late District Court of Marin County, for the partition of certain lands situate in said county. The complaint contains the averment that the plaintiffs are the owners, seized in fee, are tenants in common, and are in possession of said lands with defendants. The defendants in their separate answers deny that plaintiffs, or

either of them, are the owners of any interest in the lands sought to be divided, and claim ownership thereof in their own right, adversely to plaintiffs. The case comes before us on the complaint, answers, findings, and judgment. The following are the findings and conclusions of law in the case:

" 1. The plaintiffs and defendant L. W. Walker are tenants in common of the tracts of land described in the complaint herein as tracts 1, 2, 3, 4, and 5.

" 2. That plaintiffs have never been in actual occupancy with said defendant Walker, of any portion of said lands.

" 3. That defendant Walker has been in the occupancy of the whole of said lands since before the commencement of this suit.

" 4. That in April, 1878, plaintiff Martin made a demand on defendant Walker, to be let into possession of said lands with said Walker, who refused to let him into possession and denied his title.

" 5. That plaintiff Moretti never made any demand for possession, and was never refused possession.

" 6. That the defendants other than said Walker have no title in or to said premises, or any part thereof.

" And as conclusions of law therefrom I find:

" That the plaintiffs not being in actual possession of any portion of said lands, are not entitled to partition thereof, and that the defendants recover their costs."

The case, therefore, presents but one question on this appeal, and that is, can a tenant in common, who has never been in the occupancy of the land, maintain a suit in partition against a co-tenant, whose possession is adverse and hostile? It is claimed, on behalf of the respondents, that he can not; that the proper remedy is by ejectment, and that, until the possession has been recovered in that form of action, he is not in a position to bring partition. In support of this view of the law, section 752, Code of Civil Procedure, is relied upon. It provides that " when several co-tenants hold and are in possession of real property as parceners, joint tenants, or tenants in common, in which one or more of them have an estate of inheritance, or for life or lives, or for years, an action may be brought by one or more of such persons for a partition thereof, according to the respective rights of the persons in-

terested therein, and for a sale of such property, or a part thereof, if it appear that a partition can not be made without great prejudice to the owners."

The terms of the above section, to the effect that "when several co-tenants hold and are in possession," the action may be brought, give strong countenance to the doctrine advanced by the respondents, and there is no doubt that such is the doctrine laid down in other States of the Union, under statutes more or less similar to ours. But a different rule has been adopted in this State, and that rule has been too long established for us to depart from it, even if it did not receive our full sanction and support. But the rule would seem to be supported by section 759 of the same code: "The rights of the several parties, plaintiff as well as defendant, may be put in issue, tried and determined in such action." This provision of the code, it seems to us, gives the Court in which the partition suit is brought full power and authority to try and determine in that proceeding all questions relating to the title as fully and completely as such questions could be adjudicated in an action of ejectment; and, as has already been remarked, the decisions of this Court are to that effect.

The first case to which reference will be made is that of *De Uprey* v. *De Uprey,* 27 Cal. 329. In that case the following were two of the questions raised by the answers: "Fourth: Has the plaintiff possession?" "Fifth: Has the plaintiff been in possession within five years?" Speaking of the trial of these issues in the partition suit, the learned Judge, delivering the opinion of the Court, says: "But there is nothing in the idea that these questions are of 'strange countenance' in an action of partition. Any question affecting the right of the plaintiff to a partition, or the rights of each and all of the parties *in the land* may be put in issue, tried and determined in such action. (Practice Act, § 271.) Such is one of the fruits of the new system of practice which we have adopted, and when contrasted with the practice in such cases at common law, serves to illustrate its superiority." Section 271 of the Practice Act was in the same language as that found in section 759 of the code (so far as the same affects the question now under consideration), and, in the case above cited,

the point was made that the questions raised must be tried in an action of ejectment, and determined there, before partition could be brought.

The same point arose in the case of *Morenhaut* v. *Higuera,* 32 Cal. 289, and was determined the same way by the Court. Counsel in that case contended that two things are essential to the maintenance of the action: Privity of possession and privity of estate. The plaintiff must allege that the defendants are in joint or common possession with him, and that they are rightfully so, and that the titles or interest of the tenants can not be litigated and determined. Sanderson, J., delivering the opinion of the Court, says: "In support of the first of these points the learned counsel for the appellants has filed a very able brief, which would be entitled to much weight in a jurisdiction where the distinctions between actions at law and suits in Equity are still preserved; but, unfortunately for the argument, those distinctions have been abolished in this State, and a party who here seeks relief at the hands of the Court may obtain both legal and equitable relief in the same action or proceeding, if upon the facts of his case he is entitled to both. Actions for partition of land constitute no exception to this rule. If, between the parties to an action for partition, disputes exist as to their rights or interests, in any respect, such disputes may be litigated and determined by such action. 'The rights of the several parties, plaintiffs as well as defendants, may be put in issue, tried and determined by such action,' is the express language of the statute by which proceedings in partition are regulated. (§ 271.) The point is too plain for argument. Moreover, it has been expressly decided by the Court. (*De Uprey* v. *De Uprey,* 27 Cal. 335.) And in that case it was held that 'a judgment in an action for partition is binding and conclusive as to title upon all the parties who are served with summons or appear, and is a bar to a new action.'"

The principle announced in the case of *De Uprey* v. *De Uprey* was again approved in *Bollo* v. *Navarro,* 33 Cal. 465, and in the later case of *Gates* v. *Salmon,* 35 id. 597. To the same effect is the very recent case of *Hancock* v. *Lopez,* 53 id. 371, in which the Court uses the following language: "It is provid d by section 756, Code of Civil Procedure, that

the summons must be directed to all the joint tenants and
tenants in common, and all persons having any interest in the
property or any particular portion thereof; and section 758
provides that the defendants must set forth in their answers
'fully and particularly, the origin, nature, and extent of their
respective interests in the property.' In construing these
provisions, it was held by this Court that 'any questions
affecting the right of the plaintiff to a partition, or the rights
of each and all the parties *in the land*, may be put in issue,
tried, and determined in such action;' that 'if disputes exist
as to their rights and interests in any respect, such disputes
may be litigated and determined in such action.' The pur-
pose and scope of the action is defined by the code, and when
the question is, what issue may be presented, litigated, and
determined in the action, the code must furnish the answer.
The code (which is substantially the same as the previous
statute), having declared that any right, title, or interest in
the land may be put in issue, tried, and determined in the
action, it necessarily follows that the determination of such
issue is final and conclusive upon all the parties to the action.
Had the code provided that an issue in respect to the titles
of the respective parties, or any of them, should be tried
and determined in another action, there would be much force
in the propositions advanced by the defendants; but as the
provision is that such issue may be tried and determined in
the action of partition, there is no reason why the determin-
ation should not be as conclusive as it would be if made in
an action brought for the sole purpose of its determination.
Had the determination in the action in question been that
one of the plaintiffs and certain of the defendants were the
owners of the rancho as tenants in common, there would be
no room to doubt that it would be conclusive as against the
other parties to the action (both plaintiffs and defendants) to
the effect that they had no right, title, or interest in the land."
Mr. Freeman, in section 503 of his work on Co-tenancy and
Partition, says: "In several of the States, the Courts having
jurisdiction over partition are intrusted with more ample
powers than those elsewhere exercised by Courts proceeding
in conformity with the common and statute law of England.
This is particularly the case in regard to disputes concerning

the title. Such disputes may, in the States referred to, be tried and conclusively determined, and no necessity exists for referring any of the issues to some other tribunal for trial."

Whatever rule may prevail in other States upon this question, it seems clear to us that the cases referred to leave no doubt as to the rule in this State. The proceeding in partition is here held to be one in which the rights of all parties may be fully inquired into and finally determined. It answers the double purpose of dividing the land and settling the title, and the mere fact of an adverse holding by the defendant, constitutes no objection to the proceeding.

Our conclusion is that the Court below erred in holding, as it did, that although a tenancy in common existed between the parties, the proceeding must fail by reason of the fact that the possession of the defendant was adverse.

Judgment reversed.

SHARPSTEIN, J., and MYRICK, J., concurred.