## NOCE v. DAVEGGIO,

## No. 9387; August 5, 1884.

### 4 Pac. 495.

Appeal—Entry of Order Nunc Pro Tunc—Time for Appeal.—
An order entering judgment nunc pro tunc does not deprive a party
of his right to appeal. The time for appeal dates from the actual
entry of the judgment.

Partition—Who Entitled to.—A conveyance to plaintiff, vesting
in him an undivided interest in land, and making him a tenant in
common with defendant, entitled him to a partition; and the fact
that he had never been in occupancy of the land, and that his grantors
and the defendant were copartners in the crops raised on the land,
did not affect his right to partition.

APPEAL from the Superior Court of Amador County.

D. B. Spagnoli and Caminetti & Rust for appellant; G. G.
Blanchard and Eagon & Phelps for respondent.

McKEE, J.—It is objected that the appeal in this case was
not taken in due time. The case was tried and judgment
ordered for defendant on the 30th of September, 1881, but
no judgment was entered until the 30th of July, 1883. Then,
on motion of defendant's attorney, the court caused judgment
to be entered in favor of the defendant nunc pro tunc as
of the 30th of September, 1881. The appeal was taken from
this judgment on the 27th of November, 1883; it was therefore
in time. A nunc pro tunc order does not deprive a party
of his right to appeal. The time for appeal dates from the
actual entry of the judgment: In re Fifteenth Avenue Ex-
tension, 54 Cal. 179.

The action was partition. The answer of the defendant
contained a general denial and a plea of partnership existing
between himself and the grantor of the plaintiff. On motion
the plea of partnership was stricken out. But on the trial
of the issue, raised by the general denial, evidence of a
partnership was admitted, and the court found as facts that
on the 15th of July, 1876, the grantor of the plaintiff and the
defendant were co-owners of the land in controversy and co-

partners in cultivating the same, and that these relations existed between them until the 9th of August, 1880, when the cotenant of the defendant conveyed his undivided interest in the land to the plaintiff. And, as a conclusion of law, the court held that the plaintiff was not entitled to partition, and ordered that the action be dismissed and that judgment be entered against the plaintiff for costs.

The decision was against law. The conveyance to the plaintiff vested in him an undivided interest in the land, and made him a tenant in common therein with the defendant, and entitled him to partition. The fact that he had never been in occupancy of the land, and that his grantor and the defendant were copartners in the crops raised on the land did not affect his right to partition: Martin v. Walker, 58 Cal. 590.

Judgment reversed and cause remanded for further proceedings.

I concur: Ross, J.

I concur in the judgment: McKinstry, J.