[Civ. No. 17272. Second Dist., Div. One. June 21, 1950.]

ROSA LEE BROWN, Appellant, v. JAMES BROWN, Respondent.

Walter L. Gordon, Jr., for Appellant.

Crispus A. Wright for Respondent.

DRAPEAU, J.—This is an action for partition of a parcel of real property and to quiet title to household effects and equipment. The complaint alleges that the parties are husband and wife; that a decree of annulment of the marriage has been granted in favor of plaintiff wife; that the real property which is the subject of the partition is held by the parties as joint tenants; that it is free of encumbrance except for a judgment in favor of plaintiff in the amount of $600. The various amounts paid by each of the parties upon the purchase price of said realty are set forth in detail.

Defendant's answer denies "each and all the material allegations contained" in the complaint. His amended cross-complaint avers that he and plaintiff are the owners of the described realty as joint tenants; admits the decree of annulment and the judgment for $600; and alleges a schedule of payments on the purchase price of the real property controverting those set up by plaintiff in her complaint.

Both parties claimed to own the personal property.

Plaintiff answered the cross-complaint and by her failure to deny that she and defendant owned the realty as joint tenants admitted that fact. (21 Cal.Jur. 156, § 106.)

Thereafter an interlocutory decree in partition and quieting title was entered adjudging that each party was the owner of an undivided interest in the realty and ordering that it be partitioned between them "according to their respective rights and interests, as ascertained, declared and established by this Decree and particularly described in Paragraph 7 of the complaint." Said decree also appointed a referee in partition who was directed, among other things, to discharge any liens or encumbrances of record and to report his proceedings to the court. The personal property was adjudged to belong to plaintiff and that defendant had no right, title or interest in or to the same.

The trial court made its minute order "Denying Partition but Quieting Title," and entered judgment adjudging that title to both the real and personal property be quieted in plaintiff, as her sole and separate property, and that defendant be forever barred from asserting any right, title or interest therein; also ordered defendant to execute a quitclaim deed of the realty which should effectuate an extinguishment of the $600 lien on the real estate.

Thereafter, according to a settled statement on appeal, defendant's motion for a new trial was heard and granted by

the Honorable Clarence M. Hanson by reason of the absence from the county of the Honorable D. Oliver Germino, who tried the case and entered judgment therein. The motion was made upon the grounds: (1) insufficiency of the evidence to justify the decision and (2) error in law occurring at the trial, and was granted on both grounds. In ruling orally on the motion, Judge Hanson pointed out to counsel "that the plaintiff, by her complaint, alleged that she and the defendant, James Brown, were owners of the real property involved as joint tenants thereof, and accordingly, as there did not appear to be any amendment to the complaint alleging any fact to the contrary or alleging that the plaintiff was the sole and exclusive owner as against the defendant, James Brown, the judgment . . . was not sustained and was as a matter of law erroneous."

Plaintiff appeals from the order granting the new trial contending that "although the complaint alleged that the real property was held in joint tenancy, the Court had a right to determine the Defendant's interest in the property and that since it found that defendant had no interest in the property it was reversible error for the Court to grant a new trial on account of an error of law."

As heretofore stated, both parties by their pleadings alleged ownership in joint tenancy. Neither claimed sole ownership, hence no issue was raised on that question.

In support of her position, appellant cites the case of *DeUprey* v. *DeUprey*, 27 Cal. 329, 335 [87 Am.Dec. 81], which holds that "Any question affecting the right of the plaintiff to a partition, or the rights of each and all of the parties *in the land* may be put in issue, tried and determined in such action."

In the cited case, Elizabeth DeUprey commenced her action for partition against Samuel DeUprey, alone, alleging that he was a cotenant and owned an undivided half of the premises. After demurrer to the complaint was overruled, plaintiff was permitted to bring in the wife of defendant by a supplemental complaint. By her answer to such supplemental complaint, Mary Ann DeUprey "not only claimed a homestead right to the premises, but claimed that the entire legal estate was in her, and the Court found that the legal title to an undivided half was in her." In other words, the rights of the several parties, plaintiff as well as defendant, were put in issue by the pleadings. Therefore, the trial court had jurisdiction in the partition action to determine such respective rights. (See Code Civ. Proc., § 759.)

Apropos is the case of *Livermore* v. *Webb,* 56 Cal. 489. That was an action in partition, the complaint therein alleging that plaintiffs and defendants were owners of land as tenants in common. The court adjudged that defendant Webb was the sole owner in fee of all the lands described in the complaint and that neither the plaintiffs nor any of the other defendants had any estate, right, title or interest in the land. The other defendants appealed from the judgment on the ground that the court's finding was against the record because defendant Webb admitted that he was a tenant in common with the plaintiffs and the defendant Livermore.

In affirming the judgment the court commented that the record disclosed an amended answer had been filed in the case alleging the exclusive ownership of Webb.

In the cause under review, the pleadings are insufficient to raise the issue of sole ownership; hence the finding to that effect was erroneous.

The order granting motion for new trial is affirmed.

White, P. J., and Doran, J., concurred.