[S. F. No. 3815.    Department Two.—September 21, 1904.]

## JOHN IVANCOVICH, and LUKE IVANCOVICH, Appellants, v. LAURA R. WEILENMAN et al., Respondents.

JUDGMENT IN PARTITION—CONCLUSIVENESS AS TO LIENS NOT LITIGATED. —In an action for partition, if any defendant claims a lien of any kind upon the property involved, the statute requires him to set it forth; and the final judgment rendered therein is conclusive as to any interest or lien not set forth and which might have been litigated in the action.

ID.—FORMER JUDGMENT—TITLE CLAIMED UNDER JOINT MORTGAGE—PURCHASE OF CERTIFICATE—ACTION TO ENFORCE LIEN FOR REDEMPTION—CONTRIBUTION.—Where in a former action for partition defendants, sued as cotenants, claimed title to the whole land under foreclosure of a joint mortgage executed by all the tenants in common, by purchase of the certificate of sale and a deed from the mortgagee, who made the purchase, and to whom they executed a mortgage, which the mortgagee defendant claimed as a lien upon the whole premises, the final judgment rendered therein that plaintiffs' land is not subject to any interest, right, title, or claim, lien, or encumbrance of defendants in, to, or upon the same, is conclusive in a subsequent action by the defendant cotenants to enforce a lien upon the land allotted to the plaintiffs in partition. They were properly limited in such action to a personal judgment for contribution.

APPEAL from a judgment of the Superior Court of San Benito County.    M. T. Dooling, Judge.

The facts are stated in the opinion.

E. E. Cothran, for Appellants.

The plaintiffs were entitled to enforce a lien upon the land for contribution for defendants' share of the redemption money. (*Carr* v. *Caldwell*, 10 Cal. 380;[1] *Calkins* v. *Steinbach*, 66 Cal. 117; *Warren Bros. Co.* v. *Freud*, 138 Cal. 655.)    A

---

[1] 70 Am. Dec. 740.

judgment in partition merely severs the unity of possession. (*Wade* v. *Deray,* 50 Cal. 376; *Christy* v. *Spring Valley Water Works,* 68 Cal. 76.) Only those having recorded liens are necessary parties. (Code Civ. Proc., sec. 754.) A judgment upon an immaterial or collateral issue is not conclusive. (*Chapman* v. *Hughes,* 134 Cal. 641; 2 Van Fleet on Former Adjudication, 1327.)

Briggs & Hudner, and John L. Hudner, for Respondents.

The decree in partition expressly adjudging that there was no lien is conclusive between the parties. (Code Civ. Proc., secs. 758, 1908; *Moran* v. *Abbey,* 58 Cal. 162; *Crew* v. *Pratt,* 119 Cal. 151; *Morenhout* v. *Higuera,* 32 Cal. 289; *Gates* v. *Salmon,* 35 Cal. 593.[1]) The judgment is conclusive as to all matters that might have been litigated in the partition suit. (*Morenhout* v. *Higuera,* 32 Cal. 294; *Bollo* v. *Navarro,* 33 Cal. 468; *Senter* v. *De Bernal,* 38 Cal. 642; *Marvin* v. *Walker,* 53 Cal. 592; *Luco* v. *De Toro,* 91 Cal. 423; *Christie* v. *Spring Valley Water Works,* 68 Cal. 77; *Watson* v. *Sutro,* 86 Cal. 529; *Wolverston* v. *Baker,* 98 Cal. 631; *Bingham* v. *Kearney,* 136 Cal. 177; *Rucker* v. *Langford,* 138 Cal. 611; *Quirk* v. *Rooney,* 130 Cal. 505.)

COOPER, C.—Action to recover from defendant Laura R. Weilenman one half the amount paid by plaintiffs to one Rosenberg to redeem the property described in the complaint from foreclosure sale, to have said amount adjudged to be a lien against the interest of said Laura R. Weilenman in and to the said lands, and for a decree that the lien of defendant Briggs upon the interest of defendant Laura R. Weilenman is subsequent to, and subject to, the lien claimed by plaintiffs. Findings were filed upon which judgment was entered in favor of plaintiffs against Laura R. Weilenman for one half the amount paid to redeem the said lands, but it was adjudged that the same was not a lien upon any interest of defendant Laura R. Weilenman in any part of the lands.

Plaintiffs have appealed from the judgment upon the judgment-roll alone. The only question, then, is as to whether or not the findings support the judgment. They show, in substance, that in November, 1899, the plaintiffs and defendant

---

[1] 95 Am. Dec. 139.

Laura R. Weilenman—who will hereafter be called the de-
fendant—were the owners as tenants in common (the defend-
ant owning an undivided one half) of the lands described in
the complaint, there being four hundred and eighty acres,
and executed their mortgage upon the same to one Rosenberg
to secure their promissory notes; amounting to eight thousand
dollars.  Rosenberg subsequently foreclosed his mortgage, and
in December, 1900, purchased the said lands under foreclosure
sale for $8,963.89.  Rosenberg immediately thereupon exe-
cuted a deed to plaintiffs of all his interest in said property,
and assigned to them his certificate of sale in consideration
of one thousand dollars cash and plaintiffs' notes amounting
to $7,920, secured by a mortgage made by plaintiffs purport-
ing to mortgage all the said real estate.  Plaintiffs evidently
thought they were getting the entire property, and that they
had a right to mortgage it to Rosenberg.  Defendants did not
request the plaintiffs to redeem from Rosenberg and did not
join in the new notes and mortgage so made by plaintiffs to
him.

In May, 1901, defendant commenced an action in the supe-
rior court of the county where the lands are situated, in which
she was plaintiff, against plaintiffs and Rosenberg, as defend-
ants, for the partition of said lands, and alleged in her com-
plaint that she was the owner, as her separate property, of an
undivided one half, and plaintiffs were the owners of the
other undivided one half of the said real estate as tenants in
common.  She further alleged in her complaint that Rosen-
berg had a mortgage of record executed by plaintiffs upon
their undivided one-half interest in the property to secure the
said $7,920, and that there were no other liens or encum-
brances of record upon said lands.  She prayed that partition
of the property be made according to the rights of the respect-
ive parties, and that it be adjudged that the later mortgage of
Rosenberg was a lien upon the portion of the property set
apart to plaintiffs and not upon the portion belonging to
defendant.  In such partition suit, after service of summons,
the defendants therein (Rosenberg and the plaintiffs herein)
filed their answers, in which they denied that this defendant,
plaintiff therein, was a tenant in common or the owner of any
portion of the said lands; they further averred that the said
lands belonged to the defendants therein John and Luke Ivan-

covich as sole owners in fee, and that the mortgage of Rosenberg was upon the whole of said property. Their theory was, that defendant was not the owner of any title or interest in the property.

Upon the trial of said partition suit, the court found that this defendant was the owner as tenant in common of an undivided one half of said real estate free from any lien thereon, and that these plaintiffs were the owners as tenants in common of an undivided one-half interest therein, and that the mortgage of Rosenberg was a lien only upon the interest of plaintiffs. An interlocutory decree was made and entered in said partition suit, appointing a referee, directing partition of said property, and that when so partitioned the mortgage of Rosenberg should be a lien only upon plaintiffs' portion, they being defendants in said partition suit. Said interlocutory decree became final, and the referee proceeded to partition the property into two lots or parcels, which were described by metes and bounds and designated as lots 1 and 2, lot 1 being awarded to these plaintiffs, and lot 2 to this defendant. The court in said partition suit, after due notice and hearing, confirmed the report of said referee. The final decree in partition contained the following clause: "And it is hereby adjudged and decreed that the said partition hereby made and made in accordance with the partition made by said referee and as reported by him in and by his report shall be and is effectual forever and said defendants and each of them are hereby decreed henceforth to have no interest, right, title, or claim, lien, or encumbrance in, to, or upon said lot 2 herein described, set apart, allotted, and decreed to said plaintiff, Laura R. Weilenman."

In this case the court finds, as to the former judgment and decree in the partition suit: "That said judgment and decree ever since said 21st day of April, 1902, has been and now is a final judgment and decree, and the same has never been appealed from, modified, reversed, or set aside, but the same is now and has been since said date of entry in full force and effect.

"That all of the facts as found by the court, as aforesaid were in issue in said action, and were presented for determination, adjudication, and decision, and were all actually litigated, adjudicated, and determined in said action, and that said ques-

tions, matters, and things so litigated, adjudicated, and deter-
mined in said action are the same questions, matters, and
things presented for determination in this action, and that
said matters, questions, and things have been as hereinbefore
set out, already fully litigated, adjudicated, and determined.''

It is thus apparent that if the former judgment in partition
is a bar to this proceeding, the judgment of the court is cor-
rect.    In the former case the plaintiffs were brought in to
answer the claim of this defendant that she was the owner of
an undivided one half of the premises free from any lien, and
particularly of the lien of Rosenberg's mortgage.    They denied
that this defendant owned any interest in the property; they
alleged that the lien of Rosenberg's mortgage was upon the
whole of the property.    They did not claim any lien upon
defendant's interest in the property by reason of their redemp-
tion from Rosenberg.    Their theory was, that they were the
absolute owners of the property, and that this defendant had
no interest of any kind therein.    The court found against them
on both propositions.    It found that Rosenberg's mortgage
was only upon the interest of these plaintiffs.    If plaintiffs in
the partition suit had desired to have the court declare that
they were entitled to a lien upon the interest of defendant by
reason of the redemption from Rosenberg, they should have
brought the matter before the court.    Defendant had asked in
the partition suit to have it decreed that she was the owner of
an undivided one half of the said lands.    Plaintiffs were par-
ties to such partition suit, and the court did so decree.    The
adjudication became final.

It is stated in the Code of Civil Procedure (sec. 758) that in
partition proceedings, if ''defendants claim a lien on the prop-
erty by mortgage, judgment, or otherwise, they must state the
original amount and date of the same, and the sum remaining
due thereon.''

Section 759 provides: ''The rights of the several parties,
plaintiff as well as defendant, may be put in issue, tried, and
determined in such action.''

The final judgment is binding and conclusive ''on all per-
sons named as parties to the action, and their legal representa-
tives, who have at the time any interest in the property divided,
or any part thereof.''    (Code Civ. Proc., sec. 766.)    The rule
is well settled that a judgment between the same parties is con-

clusive, not only as to the subject-matter in controversy in the action upon which it is based, but also in all cases involving the same question, and upon all matters involved in the issues which might have been litigated and decided in the case, the presumption being that all such issues were met and decided. (*Bingham* v. *Kearney,* 136 Cal. 177; *Quirk* v. *Rooney,* 130 Cal. 511.)

In *Wheeler* v. *Eldred,* 137 Cal. 38, the plaintiff's motion for an execution had been denied by the court below and the judgment affirmed here. Plaintiff then applied again for an execution upon a different ground, but one which existed when the first motion was made. This court held the first motion *res adjudicata,* and in the opinion said: "It is also contended by appellant that because on the first motion appellant did not aver that the judgment remained unsatisfied in whole or in part, while he does so aver on the second motion, therefore the former judgment is not a bar; in other words, that the point involved was not adjudicated on the first motion because appellant did not then aver all that he should and could have averred. Under that view, after an adverse judgment, there would be no end to the number of suits which might be maintained on the cause of action already adjudicated." And the rule as to *res adjudicata* applies in all its force to actions in partition. In *Gates* v. *Salmon,* 35 Cal. 593,[1] this court said: "The whole scope and tenor of the provisions of the act relating to partition show that the intention was to make the one judgment of partition final and conclusive on all persons interested in the property or any part of it, of whom the court could acquire jurisdiction, and not to permit the matter to be taken up piecemeal; and accordingly provision is made for bringing in not only tenants in common and joint tenants in the whole or any part of the property, but those having future rights or estates, those entitled to remainder or reversion, those having estates for life or for years, those holding liens by mortgage, judgment, or otherwise, and power is given to the court to try, and determine, the rights of all the parties to the action, and to order compensation to be made by one tenant to another so as to equalize the shares allotted to each."

In *Morenhout* v. *Higuera,* 32 Cal. 296, this court said: "The former judgment of a court having jurisdiction of the subject-

---

[1] 95 Am. Dec. 139.

matter, and the parties at common law, is not only conclusive as to the matters which were actually tried and determined, but also as to other matters which they might have litigated and might have had determined. Much more so is it under the statute in relation to partition. The plaintiffs could have had their right to this land litigated and determined in the partition suit in the sense contended for by their counsel, and not having done so, they are as much bound by the judgment as if they had.''

And the rule in partition cases has been applied under different circumstances in the following cases: *Bradley* v. *Harkness,* 26 Cal. 70; *De Uprey* v. *De Uprey,* 27 Cal. 329;[1] *Bollo* v. *Navarro,* 33 Cal. 459; *Senter* v. *De Bernal,* 38 Cal. 637; *Luco* v. *De Toro,* 91 Cal. 405; *Towle Bros.* v. *Quinn,* 141 Cal. 382.

We think there is no escape from the conclusion, as matter of law, that the former judgment in partition is conclusive against the plaintiffs. They have their judgment against defendant. If they are unable to collect it, they are unfortunate, but we cannot assist them in this case.

The judgment should be affirmed.

Gray, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

Henshaw, J., McFarland, J., Lorigan, J.