[Civ. No. 3093. Fourth Dist. Aug. 3, 1943.]

WILLA HAYES WITHINGTON, Plaintiff and Respondent, v. PATRICK COLLINS et al., Defendants; CALLIE BELLE SWEITZER, Individually and as Executrix, etc., et al., Appellants; UNION TITLE INSURANCE & TRUST COMPANY OF SAN DIEGO (a Corporation) et al., Defendants and Respondents.

Charles C. Crouch, Frank Pomeranz and Richard F. Kahle for Appellants.

Borton, Petrini, Conron & Borton, Harry M. Conron, H. R. Conklin, Frank A. Gazlay, Mathes & Sheppard, Wm. C. Mathes and Paul M. Gregg for Respondents.

BARNARD, P. J.—This is another appeal growing out of the affairs of the estate of Carl Withington. This action is one for partition, the plaintiff being the wife of Lysle Withington, the former executor of the Carl Withington estate.

So far as material here, the complaint alleged that the plaintiff is the owner of an undivided 11/60ths interest in certain real property in Kern County; that Norma Louise Withington, Harriet W. LeMay, Callie Belle Sweitzer and the estate of Carl Withington are the owners of the remaining interests in this property (subject to certain encumbrances about which there is no controversy); that Lysle Withington had been removed as executor of the Carl Withington estate; that on August 20, 1940, the plaintiff and her husband deeded their interest in the property to a title company in trust to secure their obligations to the defendant American Surety Company, the surety on the husband's bond as executor of the Carl Withington estate, and to Frank A. Gazlay who had rendered them certain services as an attorney; that they received back from the title company a declaration of trust providing that, after payment of these obligations, any remainder of the proceeds from the interest conveyed should be paid to the plaintiff; and that the property could not be partitioned without prejudice to the owners. It was prayed that the property should be sold, that the interests of the respective parties should be determined, and that the proceeds should be divided and distributed in accordance with the respective interests of the parties.

Harriet W. LeMay, Callie Belle Sweitzer, Norma Withington and Norma Withington as administratrix of the estate of Carl Withington filed an answer to the complaint in which, among other things, they denied that the plaintiff is the owner of an interest in this property alleging, in this connection, that Lysle Withington had been appointed executor of the estate of Carl Withington; that the American Surety Company had furnished a bond for him as such executor in the sum of $250,000; that on August 25, 1939, a citation was issued requiring Lysle Withington to render an account as executor of that estate; that on July 19, 1939, Lysle Withington had, without consideration, conveyed his interest in the property in question to the plaintiff; that this was done with full knowledge of both that Lysle Withington was short in his accounts with said estate and with the intention of avoiding any judgment that might be rendered against him on

account of said shortage; that on July 10, 1940, Lysle Withington's powers as executor were suspended and he was later removed as such executor; that on August 20, 1940, the American Surety Company and Frank A. Gazlay, knowing that Lysle Withington was short in his accounts as executor of the Carl Withington estate, had caused and procured the plaintiff to convey her interest in this property to this trust company as security for their claims and for the purpose of encumbering the property so as to make it unavailable to pay any judgment that might be rendered against Lysle Withington for such shortage; that at the hearing in the probate court, on the account proceedings, Lysle Withington had admitted that he owed the Carl Withington estate about $40,000; and that judgment in the account proceedings in the Withington estate had not yet been entered.

The plaintiff moved to strike from this answer the allegations to which we have just referred and this motion was granted by the court. Thereafter, this action was tried. At the trial, very little testimony was taken, most of the evidence being documentary. Norma Withington and Mrs. LeMay having died in the meantime, their executrix and administratrix, respectively, had been substituted. The attorneys for the parties who filed the answer, to which we have referred, stipulated that referees might be appointed to partition the property and that the court might order the property sold, in the event that these referees reported to the court that a partition in kind was not practicable. These attorneys, however, reserved the right to attack on appeal any decree which might be entered on the ground that the court had erred in striking from their answer the matters which we have heretofore briefly summarized.

Although findings were waived the court entered an interlocutory judgment, which included findings. Among other things, the court found that the property in question belonged in fee to, and was owned by, the plaintiff, Callie Belle Sweitzer, the heirs and devisees of Mrs. LeMay, the heirs and devisees of Norma Withington and the heirs and devisees of Carl Withington, as tenants in common and in the respective proportions as set forth in the complaint. It was ordered that the referees who were therein appointed proceed with the partition of the real property in question and report to the court how it was divided between the parties, that if the referees should report to the court that the premises could not be partitioned the premises should be sold as required by law,

and that after the payment of all costs, with the admitted encumbrances and attorney's fees to be later fixed, the proceeds should be distributed to the owners in accordance with their respective interests. It was then further ordered that the proceeds of the sale of the property, to the extent that the plaintiff would otherwise be entitled to receive the same, should be paid to the trust company above referred to for the purpose of carrying out the terms of the declaration of trust, whereby any such proceeds should be applied to any amounts that might be due to the American Surety Company and to Frank A. Gazlay and the remainder paid over to the plaintiff.

Callie Belle Sweitzer individually, as executrix of the last will of Norma Withington, and as administratrix of the estate of Harriet W. LeMay appealed from the interlocutory judgment. In their briefs, these appellants have been joined by the presently acting special administrator of the estate of Carl Withington.

It is contended that the court erred in striking from the answer of these appellants the allegations setting up the defense that the transfer of Lysle Withington's interest in this property to the plaintiff was fraudulent as to the other tenants in common, and in ordering the property partitioned without determining the question as to the plaintiff's interest in the property.

Section 759, Code of Civil Procedure provides, in part, that "The rights of the several parties, plaintiff as well as defendant, may be put in issue, tried, and determined in such action." In *Morenhout* v. *Higuera*, 32 Cal. 289, it was held that where disputes arise between parties to an action for partition relating to their respective rights or interests such disputes may be litigated and determined in that action and it was then said: "and no partition can be made until the respective interests of all the parties have been ascertained and settled by a trial." This rule was followed in *Martin* v. *Walker*, 58 Cal. 590, *Emeric* v. *Alvarado*, 64 Cal. 529 [2 P. 418], *Fonner* v. *Martens*, 186 Cal. 623 [200 P. 405], *Varni* v. *Devoto*, 10 Cal.App. 304 [101 P. 934], *Buhrmeister* v. *Buhrmeister*, 10 Cal.App. 392 [102 P. 221], *Kuns* v. *Dias*, 32 Cal. App. 651 [163 P. 1052], *Middlecoff* v. *Cronise*, 155 Cal. 185 [100 P. 232, 17 Ann.Cas. 1159] and *Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305 [77 P.2d 301]. In *Ivancovich* v. *Weilenman*, 144 Cal. 757 [78 P. 268], it was held that the statutory

provisions relating to partition were intended to make the one judgment of partition final and conclusive on all persons interested and not to permit the matter to be taken up piecemeal and that, accordingly, provision is made for bringing in not only tenants in common but persons having future rights or interests. In *Ritzman* v. *Ritzman,* 190 Cal. 505 [213 P. 493], in speaking of the provision of section 758, Code of Civil Procedure, that a defendant in a partition action must set forth his interest in the property, it was held that this requirement was intended to be mandatory.

The respondents concede that this is the law but argue that the defense which was stricken from the answer, in effect, merely alleged that the plaintiff and her husband had conveyed to this title company all of their interest in this real property "to be held in trust as security for payment of the claims of certain creditors, and otherwise for the use and benefit of the plaintiff." It is then argued, citing section 3432 of the Civil Code and certain cases, that a debtor has the right to prefer one creditor over another, except where bankruptcy intervenes within four months of the conveyance, that the appellants here are criticising a conveyance operating as a preference of existing creditors on the ground that it may prejudice another possible creditor, and that since the plaintiff and her husband had the right to prefer certain of their creditors the allegations of the answer which were stricken presented no issue which required determination by the court.

Assuming that the respondents are correct in their contention that a valid preference was thus created in favor of the American Surety Company and Frank A. Gazlay, that the appellants may not now set the same aside, and that the allegations of the answer which were stricken constituted no defense insofar as the rights of the American Surety Company and Frank A. Gazlay as beneficiaries of the trust agreement are concerned, this does not cover the entire situation. The respondents overlook and ignore the fact that under the trust arrangement any balance remaining after these obligations are taken care of is to be paid to the plaintiff under the terms of the interlocutory judgment. So far as here appears, the plaintiff is given a part of the proceeds under the terms of the decree, although her right thereto has not yet been determined. While a judgment has now been entered in the account proceeding that judgment is not yet final and

the amount or extent of the obligations to the American Surety Company and Frank A. Gazlay has not yet been determined and it cannot now be held that there will be no balance coming to the plaintiff or that she has no remaining interest in the property which is the subject of the partition action, insofar as the judgment appealed from is concerned. While she is thus given an interest in the property by that judgment her right to that interest was directly attacked by the allegations of the answer which were stricken therefrom, and the appellants were deprived of the opportunity of proving, if they could, their allegations to the effect that the transfer to the plaintiff from her husband of his interest in the property was fraudulent and void as against the rights and claims of the appellants. Her remaining interest, upon which the appellants might establish a claim, may be very substantial if the judgment against Lysle Withington in the account proceeding exceeds in amount the obligations to the American Surety Company and Frank A. Gazlay, as these are finally determined. It follows that the court erred in decreeing a partition and ordering any remaining balance to be paid over to the plaintiff without first passing upon and determining the question presented, as to whether or not the plaintiff had any interest in the property through the assignment under which she claims.

There was little or no controversy on the other issues which were tried, and the evidence on those issues can easily be resubmitted. The appellants should be permitted to amend their answer and to allege again the defense which was stricken from their former answer, and that issue should be tried with the rest of the cause and determined in connection with any decree of partition which is entered.

The interlocutory judgment is reversed and the cause remanded for further proceedings consistent with the views herein expressed.

Marks, J., and Griffin, J., concurred.