[Civ. No. 4052. Fourth Dist. May 17, 1950.]

JOSEPH C. BACON, Appellant, v. JOSEPH
WAHRHAFTIG et al., Respondents.

Siemon, Maas & Siemon, Alfred Siemon, Walter L. Maas, Jr., and Bennett Siemon for Appellant.

Matt Wahrhaftig, McKee, Tasheira & Wahrhaftig, Newby, Holder & Newby, Alfred W. Mitchem, Calvin Conron, Ralph F. Forch and John B. Taylor for Respondents.

MUSSELL, J.—This is an appeal from judgments of dismissal entered after demurrers sustained and declination of plaintiff to amend. There are two of such judgments or orders and an appeal from each. There were a number of separate appearances and as many demurrers, some of which were sustained on special and one on both general and special grounds.

It is alleged in the complaint (paragraph 1) that the plaintiff is the owner in fee of an undivided 18.13 per cent of Sections 21, 27 and 35, Township 28 South, Range 20 East,

M.D.B. & M., in Kern County, California, and that the following named defendants are owners in fee of undivided interests in said land: Robert H. Bacon, 28.04 per cent; Thomas P. Bacon, 23.12 per cent; Ida M. Bacon, 2.91 per cent; Pearl Bacon, 3.833 per cent; Faith Bacon, 3.136 per cent; J. Burris Mitchel and B. Milo Mitchel, 4.166 per cent; Glen H. Mitchel, 4.167 per cent; Salvation Army, 4.166 per cent; Chicago United Mission, 4.166 per cent; and The McAuley Cremorne Mission, 4.166 per cent; that some of the interests are affected by certain encumbrances therein described. In paragraph 3 it is alleged that the interest of all persons in the property described, so far as known to the plaintiff, and other than as set out in paragraph 1, are such as result from a series of leases, conveyances and assignments. These interests are then described in subsections (a) to (m), inclusive, by reference to oil and gas leases, assignments and agreements, copies of all of which are attached to the complaint as exhibits and made a part thereof. It is then alleged that the interests set forth are the interests of all persons in the property, so far as known to plaintiff.

Paragraph 4 of the complaint alleges that the Mitchels have not subjected their 1/24th interest as to 160 acres in Section 35 to the majority or charity leases; that under the partial assignment of the majority lease and the charity lease from Adams to Mitchels as to the 80 acres in Section 21 and the 80 acres in Section 35, the Mitchels became obligated with the other lessees to perform all lessee obligations as to the whole of said lands; that by the terms of the provisions of the assignment, exhibit "I," Mitchels reserved unto themselves an overriding royalty of $8\frac{1}{3}$ per cent as to 160 acres of land in Section 21; that they released the oil companies from all obligations under the other leases; that by the assignment they released the oil companies from their obligation under the lease to drill successive wells and imposed upon the oil companies added drilling and other requirements as to the 160 acres of land for the Mitchels' sole and exclusive benefit, which added obligations and requirements were independent of all lessee obligations as to the other portions of the land; that on September 10, 1946, the Mitchels and the oil companies entered into an agreement, exhibit "K" to the complaint, and that this agreement was made in disregard of the interests of their coowners, extended the time of the oil companies to commence drilling and waived all defaults

of the lessees as to all lands except those upon which the Mitchels would get 8⅓ per cent overriding royalty.

In paragraph 5 it is alleged that the Mitchels received considerations for their releases and assignments other than those which they received when they executed instruments mentioned in the preceding paragraph; that some of such considerations were and are the attempt of the defendants to hold the leasehold rights in the 160 acres in Section 35 until drilling elsewhere proved the property as oil property, all without themselves performing any of the lessees' obligations under the majority lease; that the Mitchels received other consideration for releasing the oil companies from their obligations; that the conditions subsequent to the majority lease and to the charity lease have been destroyed by the activities of the Mitchels and the lessee and Mitchels are permitted to hold all the lands without any drilling requirements; that because of their actions and receipt of these other considerations, the Mitchels have agreed that they would not join with the other coowners in forfeiting the majority lease; that the oil companies connived and participated in all these arrangements and manipulations for their own advantage; that the arrangements are hostile and adverse to the other cotenants and a diminution of their estates and rights in the said land; that as a result the majority lease and the charity lease have been nullified and abrogated in respect to substantial rights of plaintiff and other fee owners and have become oppressive and unconscionable; that as a result the consideration for the said leases has failed in part; that the Adams assignment to Mitchels of the majority lease has permitted the Mitchels to so manipulate matters that they can enjoy the leasehold rights without any obligation on their part; that the manipulation of the Mitchels was in violation of their obligation to their coowners and was carried out and consummated to gain an advantage and was a fraud upon the plaintiff and the other coowners; that the oil companies connived and participated in the fraud and did, therefore, obtain an unfair alteration of their contractual obligation.

In paragraph 6 it is alleged that the oil companies have permitted great quantities of wet gas to be blown into the air, all to the damage of the plaintiff and the other coowners.

In paragraph 7, plaintiff, upon information and belief, alleges that several of the fee owners or lessors have transferred their interests to persons unknown to plaintiff and that such transfers have not been recorded; that the real property in-

volved has not been fully explored for oil; that the title to the property is such that it should be fixed and determined and all quieted except as to the Mitchels; that plaintiff has no plain, speedy or adequate remedy at law, or otherwise, except in partition; that it is impossible to partition the lands in kind and that they be sold and that the value of the rights of the various parties be fixed according to the rules and practices of equity and divided among the parties according to their respective entitlements.

The grounds of special demurrers are that there is a misjoinder of parties defendant; that several causes of action have been improperly united and that the complaint is uncertain in that the exhibits attached to the complaint are inconsistent with the allegations thereof. Various other uncertainties are alleged in connection with the conclusions drawn by the pleader as to the effect of the various leases and agreements executed by the parties. The trial court sustained the demurrer of the Seaboard Oil Company and defendants Mitchel and Bandini Petroleum Company on the ground of misjoinder of causes of action. The demurrer of defendants Thomas P. Bacon, et al., was sustained on general and special grounds. Judgments of dismissal were entered after plaintiff declined to amend.

The action for partition may be brought by one or more of the persons described in section 752 of the Code of Civil Procedure. ▓ It is a special proceeding regulated by the provisions of the statute (Code Civ. Proc., §§ 752-801) and ordinarily, if the party seeking partition is shown to be a tenant in common, and as such entitled to the possession of the land sought to be partitioned, the right is absolute. (*Priddel* v. *Shankie*, 69 Cal.App.2d 319, 325 [159 P.2d 438].)

In the instant case, plaintiff has alleged facts from which it clearly appears that plaintiff is a cotenant with the other owners of the fee title in the property involved. As such cotenant, plaintiff may be entitled to partition and if so, may be entitled to have his rights, as well as those of defendants having interests in the property, put in issue, tried and determined. ▓ No partition can be had until the interests of all the parties have been ascertained and settled by a trial. (*Withington* v. *Collins*, 60 Cal.App.2d 110, 113 [140 P.2d 493]; Code Civ. Proc., § 759.) ▓ Plaintiff is required to set forth in his complaint the interests of all persons in the property, whether such persons are known or unknown. This

he has done, and has alleged that the interests of certain defendants result from a series of leases, conveyances, agreements and assignments which are pleaded and attached to the complaint as exhibits. We conclude that the defendants are all necessary and proper parties to the action.

The objection that several causes of action have been improperly united is not tenable. It is claimed that there is a failure to separately state a cause of action to rescind the leases, to quiet title, for damages for breach of the leases, for fraud and for an accounting. The primary right or cause of action herein is that of partition (*Merlino* v. *West Coast Macaroni Mfg. Co.*, 90 Cal.App.2d 106, 115 [202 P.2d 748]) and as there said:

"The fact that a plaintiff may be entitled to several species of relief for the enforcement of a single right does not mean he has more than one cause of action. If the action is brought to enforce a single right violated by defendant, the complaint states but one cause of action regardless of the number of types of relief sought. (*Big Boy Drilling Corp.* v. *Rankin*, 213 Cal. 646 [3 P.2d 13]; *Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636 [134 P.2d 242]; *Hellman* v. *Los Angeles Ry. Corp.*, 135 Cal.App. 627 [27 P.2d 946, 28 P.2d 384].)"

The seeking of different kinds of relief does not establish different causes of action. (*California Trust Co.* v. *Cohn*, 214 Cal. 619, 629 [7 P.2d 297].) The cause of action is simply the obligation sought to be enforced. (*Panos* v. *Great Western Packing Co.*, 21 Cal.2d 636, 638 [134 P.2d 242].)

This is an equitable action and the court has jurisdiction to hear and determine all issues necessary to do complete justice. (*Lent* v. *H. C. Morris Co.*, 25 Cal.App.2d 305, 307 [77 P.2d 301].) In *Sears* v. *Rule*, 27 Cal.2d 131, 148-149 [163 P.2d 443], the court said:

"The action of the trial court, moreover, is in accord with the general rule that a court of equity, having once acquired jurisdiction, will adjust all the differences between the parties arising from the cause of action in order to do complete justice and prevent further litigation, whether or not the particular relief was requested. (See *Smith* v. *Blodget*, 187 Cal. 235, 242 [201 P. 584]; *Vierra* v. *Fontes*, 135 Cal. 126, 129 [66 P. 241]; *Murphy* v. *Sheftel*, 121 Cal.App. 533, 541 [9 P.2d 568].) It has been held that under this rule the court could properly order an accounting although the complaint did not ask for such relief. (*Swan* v. *Talbot*, 152 Cal. 142 [94 P. 238, 17 L.R.A.N.S. 1066]; see 1 Am.Jur. 306.)"

■ The demurrers for uncertainties and ambiguities are not well grounded. Nearly all of the specifications involve assertions or claims that demurrants cannot determine how certain interests are adverse, or how legal results occur. As to most, if not all, of such matters the alleged uncertainties and ambiguities arise out of the pleader's attempt to state the legal effect of certain transactions; but these transactions were all evidenced by writings which are attached to the complaint and pleaded in their exact language.

A special demurrer should not be sustained when the allegations of the complaint are sufficiently clear to apprise the defendant of the issues which he is to meet. (*Lord* v. *Garland*, 27 Cal.2d 840, 853 [168 P.2d 5].) Such a demurrer for uncertainty is not intended to reach the failure to incorporate sufficient facts in the pleading, but is directed at the uncertainty existing in the allegations actually made. (*People* v. *Lim*, 18 Cal.2d 872, 882 [118 P.2d 472].) A demurrer which attacks an entire pleading should be overruled if one of the counts therein is not vulnerable to the objection. (*Lord* v. *Garland, supra*, p. 850.) As was said in *Merlino* v. *West Coast Macaroni Mfg. Co., supra*, p. 108:

''A demurrer for uncertainty will not lie where the ambiguous facts alleged are presumptively within the knowledge of the demurring party. (*Corum* v. *Hartford Acc. & Ind. Co.*, 67 Cal.App.2d 891 [155 P.2d 710]; *Swasey* v. *de L'Etanche*, 17 Cal.App.2d 713 [62 P.2d 753].) A special demurrer should not be sustained if the allegations are sufficiently clear to apprise the defendant of the issues that must be met, even if the allegations of the complaint may not be as clear and as detailed as might be desired. (*People* v. *Lim*, 18 Cal.2d 872 [118 P.2d 472].) Moreover, a demurrer for uncertainty will not lie as to even uncertain and ambiguous allegations, if such allegations refer to immaterial matters. In such event, they will be treated as surplusage and disregarded. *Swasey* v. *de L'Etanche, supra*; *Aronson* v. *Bank of America*, 42 Cal. App.2d 710 [109 P.2d 1001]; *Penziner* v. *West American Finance Co.*, 133 Cal.App. 578 [24 P.2d 501]. Tested by these standards, we think it was error to have sustained the demurrer.''

Applying these rules to the complaint before us, we think it was error to have sustained the demurrers.

In the brief filed in behalf of defendants Seaboard Oil Company and Bandini Petroleum Company it is stated that

the precise principal question herein involved is whether or not a cotenant of land, in an action against his cotenants for partition thereof, may cause an oil and gas lease on such land, which has been executed by all of such cotenants, to be terminated against the will of the owners of the oil and gas leasehold estate created by such lease. We are not here deciding this precise question. It has been held that the right of a lessee in an oil and gas lease is a *profit á prendre,* that is an incorporeal hereditament or interest in real property. (*La Laguna Ranch Co.* v. *Dodge,* 18 Cal.2d 132, 135 [114 P.2d 351, 135 A.L.R. 546].) This interest is such as is required to be set forth in plaintiff's complaint. (Code Civ. Proc., § 753.) The rights of the defendant oil companies were properly put in issue and the determination of their contentions is for the trial court in a trial of the action.

Judgments reversed.

Griffin, Acting P. J., and Shepard, J. pro tem., concurred.

Respondents' petition for a hearing by the Supreme Court was denied July 13, 1950. Traynor, J., and Schauer, J., voted for a hearing.