[Civ. No. 19693.  Second Dist., Div. Three.  Apr. 8, 1954.]

MURIEL MARDEN et al., Appellants, v. WILLIS R. BAILARD et al., Respondents.

Hiram T. Kellogg and L. M. Cahill for Appellants.

Howard D. Hanson for Respondents.

WOOD (Parker), J.—Defendants' demurrer to plaintiffs' third amended complaint was sustained with leave to amend within 20 days. Plaintiffs appeal from a judgment of dismissal entered after they failed to amend within that time.

Said complaint alleged:

On December 4, 1941, defendants recorded, in the map records of Los Angeles County, a map of a subdivision known as Tract 12971. A map of said subdivision had been filed with the real estate commissioner on or about said date. Said map and the documents recorded with the commissioner stated that the tract was to be sold to the public subject to all conditions and restrictions as set forth in a certain grant deed from Marblehead Land Company to Willis R. Bailard, which appears of record in the office of the Los Angeles County Recorder. On December 16, 1941, defendants entered into a written agreement with plaintiff Muriel Marden wherein defendants agreed to sell to said plaintiff Lot 21 in said Tract 12971 for $850. Said agreement stated that the deed by the sellers to the buyer would be subject to conditions and restrictions set forth in said deed from Marblehead to Bailard. Upon the payment of the purchase price of the lot the defendants Bailard executed a grant deed conveying the lot to plaintiff Muriel Marden which deed was subject to conditions and restrictions as set forth in the deed from Marblehead to Bailard. Thereafter Muriel conveyed an undivided one-fourth interest in the lot to each of her three children, who are the other plaintiffs herein, and for 6 years last past each plaintiff has owned an undivided one-fourth of the lot. There was a restriction in said deed from Marblehead requiring "the owner" to file with the architectural committee appointed by Marblehead two sets of building plans for approval of the committee. Said deed from Marblehead recited further that it was subject to "the following covenants, conditions and restrictions imposed upon . . . the lands herein conveyed and which shall run with said lands. . . . 2. Subject to the exception as to that part of the lands . . . which may be used for . . . motel purposes, all said lands shall be used only for private single-family residence dwelling purposes. . . . 10. Notwithstanding the restriction as set forth in paragraph 2 above [regarding motel purposes], that part of the lands herein conveyed extending" 3,000 feet westerly from the east line of said property along the northerly boundary of the highway "and from the northerly boundary" of said highway northerly 1,300 feet "may be used for private single-family dwellings for residence income property, including the right to construct and maintain one motel. In connection with said motel, light commercial businesses may be maintained . . . [A]ll said restrictions shall terminate January 1, 1970." Said Lot

21 lies within that part of the lands described as "extending 3,000 feet from the Easterly line of said property along the Northerly boundary of State Highway; thence from the Northerly boundary of said State Highway Northerly 1300 feet and was within the area within which rental income property and one motel was permitted to be erected."

It was alleged in the complaint, from paragraph XXIII to paragraph XXIX inclusive, that: In November, 1946, plaintiff Muriel Marden presented plans for a motel and store to said committee. About December 1, 1946, plans of plaintiffs for construction of motel and store buildings upon Lot 21 were approved by said committee, and the plaintiffs proceeded with the construction of said buildings. On December 5, 1946, the defendants acting through Willis R. Bailard and Eleanor F. Bailard, as plaintiffs, commenced an action in the superior court, and the plaintiffs in this action appear as some of the defendants, which action was upon a complaint entitled "Complaint by Grantor to Reform Deed, and as so Reformed to Enjoin Violation of Building Restrictions." After the trial of said action, judgment was given to plaintiffs therein. The said judgment provided that the deed (from Bailards to Marden) be and it is reformed so that it should read that no part of defendants' property, Lot 21, shall be improved for use as a motel or any kind of business except that it may be improved for use as a single residence; and that the defendants and their agents are perpetually enjoined during the term of the restrictions from using the lot other than as a single residence. Plaintiffs herein, who were defendants in that case, appealed from that judgment to the District Court of Appeal, where the judgment was modified and affirmed (modified to provide that the buyer could retain the property as residential property or reconvey title to seller and recover money paid). Thereafter, on March 12, 1951, the Supreme Court reversed the judgment (*Bailard* v. *Marden*, 36 Cal.2d 703 [227 P.2d 10]). On July 12, 1951, the Bailards, as plaintiffs in that case, filed a voluntary dismissal of said action, without prejudice, prior to the time defendants therein "remitted" the cause for a retrial. The plaintiffs herein did not consent to said dismissal and so advised the court.

It was alleged, from paragraph XXX to paragraph XXXV, inclusive, that: From the entry of that judgment on February 4, 1949, to the reversal thereof on March 16, 1951, the plaintiffs herein were enjoined from constructing the motel and store

building on said lot. Said judgment was secured maliciously and without probable cause. The judgment was not sustained by any evidence. The defendants herein knew that said action was prosecuted without probable cause, well knowing there had not been any agreement between them and any of these plaintiffs relative to any restrictions upon said lot, and they (defendants herein) prosecuted said action well knowing there was no evidence to sustain the action. That action, which was maintained upon ground of a mutual mistake, was prosecuted by the defendants herein well knowing that the action would cloud and slander the title of these plaintiffs. Each defendant herein well knew that the judgment was obtained without any evidence to sustain it and without any evidence upon which a mutual mistake could be based. No security was required to indemnify the plaintiffs herein from the effects of the injunction. Defendants herein well knew that no mistake had occurred entitling them to reformation of the grant deed. The judgment was reversed upon the ground that there was no evidence to sustain it, and that there was no evidence of any discussion or transaction regarding restrictions upon which a claim of mutual mistake could be claimed by the Bailards as plaintiffs in that action.

It was alleged, from paragraphs XXXVI to XLII, inclusive, that: By reason of the prosecution of said action the plaintiffs herein were forced to incur expenses in the sum of $6,000 for services of attorneys. As a proximate result of securing the wrongful injunction, the plaintiffs herein did not continue the construction of the motel and store building which was under construction at the time the injunction was secured. The plaintiffs sustained additional damages in the sum of $40,300, being the increase in the cost of construction from the time that action was commenced to the time the present action was commenced. By reason of the prosecution of that action the plaintiffs herein were deprived of the use of said lot for motel and store purposes for a period of 50 months to the damage of plaintiffs in the sum of $50,000, being the net rental value reasonably to be anticipated by the plaintiffs for said period. The difference between the reasonable market value of construction materials, which plaintiffs had purchased prior to the time the injunction was obtained, and the reasonable value of those materials after the reversal of the judgment was $2,500.

It was alleged in paragraph XLIII that by reason of the dismissal of said action without prejudice there has been

no final determination of the rights of the parties, and it is necessary that a decree be entered establishing plaintiffs' right to construct the motel and store building upon the lot.

It was alleged in paragraph XLIV that an actual controversy exists between the parties in that plaintiffs contend that they are entitled to construct a motel and store building under the plans presented to the Marblehead Land Company, and in that the defendants contend that plaintiffs are not entitled to proceed therewith. By reason of the controversy it is necessary that a decree be entered. A decree was not entered by reason of the dismissal of the action, leaving the matter uncertain and impeding plaintiffs' efforts to secure finances.

It was alleged in paragraph XLV that an actual controversy also exists between the parties in that plaintiffs contend that the injunction was secured wrongfully, and in that the plaintiffs contend that defendants are liable in damages for wrongfully maintaining said action. Defendants contend that plaintiffs are without a remedy for the acts of defendants in maintaining the action.

The prayer was that the court determine the rights of the parties and make a declaratory judgment: (1) that plaintiffs are entitled to construct a motel and store building on the lot; (2) that plaintiffs are entitled to a judgment for damages; (3) awarding damages to plaintiffs in the sum of $99,150; (4) for general relief.

The demurrer stated that the third amended complaint did not state facts sufficient to constitute a cause of action for declaratory relief, or malicious prosecution, or slandering or disparaging or clouding title; or a cause of action at all. The demurrer also states that the causes of action are barred by the statute of limitations as contained in sections 340, subdivision 3, 337, subdivision 1, and 343 of the Code of Civil Procedure. It also states that the complaint is uncertain, ambiguous, and unintelligible in that it cannot be ascertained therefrom upon what facts the following conclusions therein alleged are based: that the judgment was secured maliciously and without probable cause; the title of plaintiffs was clouded, slandered or disparaged; plaintiffs were damaged in the sum of $40,300 for materials, $50,000 for loss of rent, or $2,500 for deterioration of materials; plaintiffs are unable to secure finances; a controversy now exists between the parties.

The allegations preceding paragraph XXX of the complaint, and the allegations in paragraphs XLIII and

XLIV, state a cause of action for declaratory relief. The paragraphs preceding paragraph XXX allege the purchase of a lot in an area where it is permissible to construct a motel; the commencement of construction of a motel by plaintiffs; the commencement of an action by defendants for an injunction; a judgment enjoining plaintiffs; the reversal of the judgment; and the subsequent dismissal of the action without prejudice. In paragraphs XLIII and XLIV it is alleged that the dismissal of the former action without prejudice was not a final determination of the rights of the parties, and that an actual controversy exists between them as to whether plaintiffs are entitled to construct a motel on the lot.

The respondents assert that the complaint includes alleged causes of action which are improperly united or not separately stated. They argue to the effect that the cause of action for damages should be stated separately from the cause of action for declaratory relief. The cause of action for declaratory relief and the allegations regarding damages arise out of the same transaction. The transaction was the purchase of the lot by these plaintiffs and their efforts to build a motel thereon, followed by the litigation which was started and prosecuted by these defendants and discontinued by them without prejudice to their renewal of it. A single cause of action is alleged herein. The allegations regarding damages herein are to be considered as a form of remedy (as distinguished from a cause of action) which might be available to these plaintiffs, depending in part upon whether (in declaring the rights of the parties) it is declared that plaintiffs had a right to build the motel. In *Miller* v. *Dyer*, 20 Cal.2d 526 [127 P.2d 901, 141 A.L.R. 1428], general and special demurrers were sustained with leave to amend, and judgments of dismissal were entered upon refusal to amend. In reversing the judgments, the court said at page 531: "The special demurrer of defendants Dyer on the ground that causes of action for specific performance and for breach of an agreement to convey real property have been united improperly fails to take into account that the repudiation of the contract gave rise to a single cause of action regardless of the remedies available to plaintiffs." In *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599, the court said at page 604 [218 P.2d 144] : "It is claimed that there is a failure to separately state a cause of action to rescind the leases, to quiet title, for damages for breach of the leases, for fraud and for an

accounting.'' In holding that the demurrer therein should not have been sustained, the court said (p. 604): ''The seeking of different kinds of relief does not establish different causes of action.''

Respondents also contend in effect that the allegation of the complaint that there was no probable cause for the former action is refuted by the allegations of the complaint that respondents obtained judgment in the trial court which was affirmed by the District Court of Appeal. They argue that the fact that they obtained judgment and that the judgment was so affirmed establishes probable cause. It is to be noted, however, that the complaint also states that the judgment was not sustained by any evidence and that the respondents well knew that there was no evidence of a mutual mistake. Of course, in considering the demurrer, the allegations of the complaint are to be considered as true. If respondents well knew there was no mutual mistake then there was no probable cause. It cannot be said that it would not be possible to prove that the evidence regarding mutual mistake, presented by respondents upon the former trial, was wholly incorrect and unreliable. The allegation in the complaint that there was no probable cause is not refuted by other allegations therein.

The specifications of uncertainty are to the effect, as above indicated, that the facts which support certain conclusions or allegations (such as there was no probable cause) could not be ascertained from the complaint. In *Bacon* v. *Wahrhaftig*, 97 Cal.App.2d 599, it was said at page 605 [218 P.2d 144]: ''Such a demurrer for uncertainty is not intended to reach the failure to incorporate sufficient facts in the pleading, but is directed at the uncertainty existing in the allegations actually made.'' The allegations did not justify sustaining the demurrer on the ground of uncertainty, ambiguity or unintelligibility.

Respondents' contention that the purported causes of action are barred by the statute of limitations is based principally upon the argument that running of the statute was not suspended during the pendency of the appeal in the former action. The former action included the issue involved herein regarding the restrictions on the lot. While that litigation was pending these plaintiffs were not required to commence another action—their declaratory relief action—for the determination of the same issue. In *Pacific Electric Ry. Co.*

v. *Dewey,* 95 Cal.App.2d 69, it was said (p. 73 [212 P.2d 255]) that "declaratory relief is unavailable for the determination of issues involved in an already pending action." In *Dillon* v. *Board of Pension Commrs.,* 18 Cal.2d 427, it was said at page 431 [116 P.2d 37, 136 A.L.R. 800] : "It is well recognized that the running of the statute of limitations is suspended during any period in which the plaintiff is legally prevented from taking action to protect his rights." The running of the statute of limitations was suspended during the pendency of the appeal. This action was not barred by the statute of limitations.

The judgment is reversed with the direction to overrule the demurrer.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied May 6, 1954, and respondents' petition for a hearing by the Supreme Court was denied June 3, 1954. Edmonds, J., was of the opinion that the petition should be granted.