[Civ. No. 22250.   Second Dist., Div. Three.   Feb. 7, 1958.]

BETTY PAGEL, as Administratrix, etc., et al., Appellants, v. WILLIS R. BAILARD et al., Respondents.

Hiram T. Kellogg for Appellants.

Howard D. Hanson for Respondents.

WOOD (Parker), J.—Plaintiffs sought a declaration that they have the right to construct a motel and stores on a lot which was purchased from defendants; and they also sought damages allegedly caused by defendants in prosecuting an action against plaintiffs to reform a deed and to enjoin them from constructing a motel and stores on the lot. In a non-jury trial, the judgment was that plaintiffs have the right to construct a motel and stores, and they are not entitled to recover damages. Plaintiffs appeal from the portion of the judgment which denies recovery of damages.

Appellants contend that the evidence is insufficient to support the findings that defendants commenced the action for reformation and injunction in good faith; that there was no malice; and that there was probable cause for commencing the action.

There was a prior appeal in this action. That appeal was by plaintiffs from a judgment of dismissal after a demurrer to their third amended complaint had been sustained with leave to amend, and after they had refused to amend. Upon that appeal, the judgment was reversed. (*Marden* v. *Bailard,* 124 Cal.App.2d 458 [268 P.2d 809].) The allegations of the complaint are stated in detail in that action.

A general statement of the alleged basis for the present action is as follows: In 1943 Muriel Marden purchased Lot 21 of certain real property from defendants Mr. and Mrs. Bailard, and she received a grant deed which stated that the conveyance was subject to building restrictions which had been placed upon the lot by the Marblehead Land Company. About December 1, 1946, Mrs. Marden (and her children to whom she had conveyed an interest in the lot) started to excavate the lot for the purpose of constructing a motel and stores thereon. On December 5, 1946, the Bailards commenced an action against Mrs. Marden (and other owners of Lot 21), alleging that by mutual mistake the restrictions, referred to in Mrs. Marden's deed, did not limit the use of Lot 21 to residential purposes; and the Bailards, as plaintiffs in that action, asked that the deed be reformed, and that defendants be enjoined from constructing a motel and stores. The trial court rendered judgment on February 4, 1949, reforming the deed and enjoining the defendants. The judgment was reversed on March 12, 1951. (*Bailard* v. *Marden,* 36 Cal.2d 703 [227 P.2d 10].) On

July 12, 1951, upon motion of the Bailards, the trial court dismissed the action.

On August 10, 1951, Mrs. Marden and the other owners of Lot 21 commenced the present action against the Bailards, seeking, as above stated, a declaration that the plaintiffs have the right to construct a motel and stores on the lot, and also seeking damages allegedly resulting from the injunction which deprived them of the use of the lot, and resulting from the prosecution of that action.

Appellants argue that the Bailards had no probable cause for commencing the action for reformation and injunction; there was no mutual mistake in the sale of the lot to Mrs. Marden; the only mistake was one made by the Bailards in subdividing the tract in that they did not intend to include in the subdivision certain land where Lot 21 and eight other lots are located; that the reversal of the judgment in the reformation and injunction action (*Bailard* v. *Marden, supra*) shows that there was no probable cause for commencing that action; and that malice should be presumed as a matter of law.

Respondents argue that since there is no evidence that the judgment in the reformation and injunction action was obtained by fraud, the judgment therein is conclusive proof of probable cause for commencing that action; and that, in the present action, the evidence supports the findings.

There was evidence that in May, 1941, the Bailards purchased 434 acres of land from the Marblehead Land Company; the deed to the Bailards restricted the use of the land, except a strip 3,000 feet long and 1,300 feet wide, to single-family residences; the restrictions also provided that, within the excepted area (referred to herein as the "business area"), one motel could be constructed and certain businesses could be maintained; the Bailards employed surveyors to prepare a subdivision map of a certain part of the property and instructed them to include in the map only property which was restricted to single-family residences; by a mistake of the surveyors, a part of the business area was shown on the subdivision map; the map was recorded; Lot 21, which Mrs. Marden purchased, is in the part of the business area which was included in the subdivision map; she purchased the lot through an agent of the Bailards.

Mr. Bailard testified that he did not know, prior to the time the excavating was started on Lot 21, that a part of the business area was shown on the subdivision map or that Lot 21 was in the business area; after the excavating was

started, he learned that the deed to Mrs. Marden did not restrict the use of the lot to a single-family residence; thereafter he discussed the matter with a salesman who represented the Bailards when the sale was made to Mrs. Marden; the salesman told Mr. Bailard that prior to the sale he told Mrs. Marden that the lot was restricted to single-family residential purposes, and that he had shown the restrictions to her; thereafter Mr. Bailard told his attorney all the facts regarding the transaction; his attorney advised him that he had a meritorious action.

Mr. Bailard also testified that at the time he commenced the action for reformation and injunction he acted in good faith and without malice; that his purpose in commencing the action was to rectify a mistake which he believed had been made; and that since the dismissal of the reformation action he had not objected to the defendants proceeding with any kind of construction that they wanted on the property.

The court found, among other things, that defendant Mr. Bailard acquired title to the land (the 434 acres) as trustee for himself and the other defendants Cramer, Largamarcino, and Roth as beneficiaries; that all the acts of Mr. and Mrs. Bailard were done as agents for the defendants who were beneficiaries; that in filing and maintaining the action for reformation and injunction, including the obtaining of the judgment therein, the defendants acted in good faith and without malice; that they had probable cause for filing and maintaining that action and in obtaining the judgment therein; that before commencing that action, the defendants stated all the facts and circumstances connected with the matter to their attorney; that they were advised by their attorney that they had a valid cause of action for reformation and injunction; they believed they had such a valid cause of action; and that in commencing and maintaining that action and in obtaining the judgment therein, the defendants relied upon the opinion of their attorney. The court also found that defendants in filing and maintaining the reformation and injunction action, and in obtaining the judgment therein enjoining plaintiffs, were only invoking ordinary judicial process and there was no slander of title; that the acts of defendants in filing and maintaining such action, and obtaining the judgment therein, constituted acts taken in a judicial proceeding and the acts were privileged and did not constitute slander of title; that by reason of the foregoing findings the plaintiffs sustained no damages by the acts of defendants

in the reformation and injunction action, and that plaintiffs are not entitled to an award of damages.

The evidence above referred to was sufficient to support the findings to the effect that there was probable cause for commencing and maintaining the reformation and injunction action; and there was no malice.

Appellants argue further that for every wrong there is a remedy, and that the evidence shows that appellants were prevented from using the property for a motel and stores by the acts of the defendants, and that appellants sustained damages thereby; that the defendants should be liable to appellants for such damages on the theory of slander of title, or breach of contract, or equitable relief. ▮ In *Asevado* v. *Orr*, 100 Cal. 293 [34 P. 777], it was said at page 298: "It is only when the process of the court is abused, or when the plaintiff seeks to avail himself of its power to harass or injure another by suing him upon a charge in which he is conscious of having no right of action, that he become amenable in damages for bringing such suit. Such an action is, however, in the nature of a malicious prosecution, and in any action to recover damages therefor want of probable cause and malice are essential ingredients to the complaint, and must be clearly alleged and proved in order to sustain the action."

The portion of the judgment appealed from is affirmed.

Shinn, P. J., and Vallée, J., concurred.

Appellants'. petition for a hearing by the Supreme Court was denied April 2, 1958.